Freeman & Warren v. Jordan.

~~~~~~~~~~~~~~~~

## FREEMAN & WARREN vs. JORDAN.

1. If a tender be made in the bill of a judgment creditor to redeem the lands of his debtor, it is sufficient to authorise a court of equity to decree the redemption, although no tender was made before the filing of the bill; but in such case should the defendant concede the complainant's right to redeem, the court, in the exercise of a sound discretion, would scarcely fail to tax the latter with the costs.

2. A creditor, by virtue of whose judgment the land of the debtor has been sold, has the right under the statute to redeem it.

3. Where the action of the court is necessary to ascertain what sum is to be paid, an offer by the complainant to pay such sum as the chancellor may decree, and to bring the same into court, is sufficient to entitle him to its aid.

4. A creditor by judgment in a justice's court of another State is not within the meaning of the act of 1842 to prevent the sacrifice of real estate.

Error to the Chancery Court of Barbour. Tried before the Hon. J. W. Lesesne.

Buford, for the plaintiffs.

Belser & Harris, for the defendant:

1. The bill is filed to redeem real estate sold under execution, and the decree was for the complainant. The answer con-

Freeman & Warren v. Jordan.

tains a demurrer, but the bill is believed to contain all the needful allegations; and by the second proviso, (see Clay's Digest, 503, § 5,) Jordan, who was plaintiff in execution under which the land sold, has the right to redeem. The bill was filed within the two years after the sale, and if former offers to redeem were insufficient the bill itself *in its conclusion* makes all proper tenders and offers.

There was no offer to pay for improvements made prior to filing the bill, but none were *reported* to or *claimed* of Jordan, and the defendants evidently evaded all information, but the bill being filed within the two years, offers to come to an *account*, &c.

Warren had no right to redeem of Freeman; for the only claims he had on defendant in execution were executions in the court of a justice of the peace in Georgia, *not reduced to judgment in Alabama.* He was not a *bona fide* creditor.

The improvements put on the property were made by Warren and not by Freeman, and as Warren had no right to redeem, Freeman can't complain that no offer was to him made for improvements; but they will be allowed of course on stating the account.

CHILTON, J.—Ths was a bill filed by the defendant in error under the statute of 1842, to redeem certain lands sold under an execution in his favor against one James M. Webb, on the first Monday in May 1847, and purchased by Freeman, one of the plaintiffs in error, at the sum of fifty dollars. The complainant below avers that he offered to redeem and tendered the money with the ten per cent. per annum on the amount bid by Freeman, with all costs and expenses, and further offered to credit his execution with the sum of two hundred and fifty dollars, but that Freeman declined to permit the redemption and told the complainant below that he must go to one Warren, of Georgia, who had previously redeemed the land from him. It is also averred that a similar tender was made to Warren, who declined it and refused to disclose the terms upon which he redeemed. The bill prays a discovery as to this and charges a fraudulent combination between the plaintiffs in error to deprive the said Jordan of his right of redemption, and insists that the redemption of Warren was under certain executions on judgments rendered before justices of the peace in Georgia,

and that neither Freeman nor Warren are *bona fide* creditors of Webb within the meaning of the act.

The complainant below renews the offer to redeem and offers to comply with any order as to the terms that the chancellor may make, when the conditions upon which he should be allowed to redeem shall have been discovered by the defendants below and ascertained by the court; and offers to bring the money into court, &c. This bill was filed the 18th Sept. 1848, before the expiration of two years after the sale. The chancellor decreed the redemption and ordered an account to be taken by the master.

The plaintiffs in error insist that the tender shown in the bill to have been made before it was filed, is insufficient. We do not think so, but if it were, a full answer to the objection is found in the fact that the tender made by the bill is sufficient, and this would justify the court in proceeding to decree the redemption; but in such case if the defendants conceded the complainants' right, the court would hardly fail in the exercise of a sound discretion to tax the latter with the cost. In the case before us, however, the right to redeem is denied by the defendants below, who insist that the statute does not embrace one under whose execution the land has been sold. This position cannot be supported. The proviso to the fifth section of the act (Digest, 503, § 5,) expressly provides " that the plaintiff in execution, whose debt shall be unsatisfied by the sale of the land, shall be entitled to redeem said land as other creditors are by this act allowed to redeem."

The complainant below has brought his bill within the time allowed by the statute. He offers to pay (and proposes to bring the money into court for that purpose) any sum which the chancellor may decree to be paid by him as the condition upon which he should redeem, and the amount to be paid is yet to be ascertained by the master. Until it is ascertained it is not incumbent on the party to bring the money into court. He does not know how much to bring. That the offer made by the bill is sufficient,—see 1 Smith's Ch. Prac. 8; Daniel's Ch. Prac. 442; Columbian Government v. Rothschild, 1 Sim. 94; Nelson & Hatch v. Dunn, 15 Ala. 515. The construction placed by this court in Thomason v. Scales, 12 Ala. 309, and Pollard v. Taylor, 13 ib. 607, upon this statute, is that none but judg-

ment creditors are to be considered "*bona fide* creditors" within the meaning of the act. It is hardly necessary to say that judgments rendered before a justice of the peace in another State do not bring the creditor within the requirements of the statute.

Decree of the chancellor affirmed.