SPOOR *vs.* PHILLIPS ET AL.

[BILL IN EQUITY BY JUDGMENT CREDITOR TO REDEEM LANDS SOLD UNDER EXECUTION.]

1. *Proof without allegations will not support decree.*—No decree can be rendered which is not founded on an allegation in the bill, notwithstanding there may be ample testimony to justify it.

2. *Rights of purchaser at sheriff's sale.*—The purchaser of land at sheriff's sale under execution, on receiving the sheriff's deed, becomes the absolute owner, and is entitled to the rents and profits on entering into possession; and nothing is left in the former owner, or his judgment creditor, but the naked right to redeem, which must be asserted in the time and manner prescribed by the statute.

3. *Right of redemption how perfected.*—The right to redeem is not perfect, and cannot be enforced in equity, until there has been either a full performance by the plaintiff of all the statutory requisitions, or a valid and sufficient excuse for his non-performance, without any fault or neglect on his own part; and when the bill alleges an excuse for such non-performance, the excuse must be accompanied with an offer in the bill to perform all that the statute requires.

4. *Tender in bill by judgment creditor, when sufficient.*—If the bill does not show that a tender was made before it was filed, a tender made in it is not sufficient to authorize a decree for the redemption, unless, in connection with such offer, the bill also shows a valid and sufficient excuse for the omission to make a tender before it was filed. (Correcting first head-note to Freeman & Warren v. Jordan, 17 Ala. 500.)

5. *Liability of purchaser for rents and profits.*—The liability of the purchaser to account for rents and profits, except " by way of offset to the improvements made," does not arise until he is put in default.

6. *What is not default.*—If no tender is made to the purchaser during his lifetime, he is not in default at his death; and if, upon his dying intestate, a bill to redeem is filed by a judgment creditor against his administrator and minor heirs, a tender in the bill, unless accompanied by the payment of the money into court, does not put the defendants in default, and no decree can be rendered against them for the rents and profits.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. A. J. WALKER.

THIS bill was filed by Charles Spoor, as a judgment creditor of one Lewis J. Davis, against the heirs-at-law and administrator of John Phillips, deceased, to redeem a tract of land, lying in Macon county, which had been sold under execution at law against said Davis, and purchased by said Phillips. The bill was filed in August, 1852, and alleged that the

said sale was made on the 7th July, 1851 ; that the sheriff thereupon executed a deed to said purchaser, who immediately entered into the possession of said land, and continued in possession thereof until his death ; that said Phillips afterwards died, intestate, leaving several children as his heirs-at-law, whose names are specified in the bill, and some of whom are alleged to be minors ; that letters of administration were afterwards duly granted on his estate to one Thomas Phillips, who is made a co-defendant with the said heirs-at-law to the bill. The bill does not allege that any tender was made to the said John Phillips in his lifetime, or to the defendants since his death ; but the complainant offers in his bill " to advance the sum of $850 on the bid made by the said John Phillips at said execution sale, and tenders the sum bid by said Phillips at said sale, together with such further sum as shall be equal to ten per cent. *per annum* on the purchase money ; and he further offers and agrees to credit said Davis with the further sum of ten per cent. upon the amount bid at the execution sale, and also to comply with all and singular the provisions of the statute in such case made and provided."

On final hearing, the chancellor rendered a decree in favor of the complainant, but he refused to order an inquiry into the rents and profits, and allowed the defendants ten per cent. *per annum* on the amount of the purchaser's bid after the bill was filed ; and these two points are now presented for revision here by the assignments of error.

WILLIAMS & COOKE, for the appellant :

I. As to the first assignment of error, it is insisted,—

1. That the plaintiff below, if a tender or payment had been made, and the statute otherwise complied with, would have been entitled to rents or profits afterwards accruing from the land. But in this case the title descended to minors, who could not convey. It was necessary, therefore, that a bill should be filed ; but it was not necessary that the money should be paid into court.—Freeman & Warren v. Jordan, 17 Ala. 500. Besides, the conveyance ought to follow the compliance with the statute, like a sequence its premise ; and the equity of the matter, therefore, is that the creditor shall not be required to part with his money, until the conveyance can so

follow it. The plaintiff filed his bill, and thereby became as much the equitable owner of the land as one who has made a tender; and from that time, therefore, was entitled to rents.

2. The equity of the purchaser is, to have the amount of his bid, with ten per cent. *per annum* thereon; the equity of the creditor is, to have the land, and the rents and profits. But the purchaser dies, and his heirs (being minors) cannot convey, and he is thus compelled to ask the aid of the court; will the court give to the heirs the whole of the purchaser's equity, and allow them also a part of the creditor's?

3. It was not necessary that the statute should expressly give rents as now claimed. The right to them necessarily results from the equitable ownership of the land. The statutory provision as to rents, which includes rents accrued before a tender, has nothing to do with the claim for rents in this case.

4. It was not necessary to make any allegation in the bill about the rents and profits. How could an allegation be made about rents which were yet to accrue? It is a matter of inquiry before the master, and the inquiry is justified by the possession; it matters not whether the land be cleared or uncleared, as the possesion itself is deemed profitable in law. A decree relates back to the filing of the bill, like the rescission of a contract for land.—Paulling v. Watson, 26 Ala. 205. The vendor is entitled to rents from the filing of his bill, and the purchaser to interest on the money paid from the time of payment.

II. But if the first error be not well assigned, then, it is insisted, the filing of the bill must be held tantamount to a tender; and therefore the chancellor erred in allowing the defendants ten per cent. *per annum* on the purchaser's bid after the bill was filed.—See argument of counsel in Kennon v. Pillow, 7 Humph. 283, and opinion of Judge Peck, p. 295.

CLOPTON & LIGON, *contra:*

1. The complainant was not entitled to a decree for the rents and profits. He was not entitled to the possession of the land, until he had put the defendants in default, by a tender of the amount of money required by the statute, and a compliance with its other requisitions. Not being entitled to

the possession, nor to a conveyance of the legal title, upon no principle of law or equity can he ask an account of the rents and profits. The defendants have not yet been put in default: complainant has not paid into court the amount due the defendants, nor has he credited his judgment with the amount proposed in his bill.—Sandford v. Ochtalomi, 23 Ala. 671 ; Paulling v. Meade, *ib.* 513; Evertson v. Sawyer, 2 Wend. 507.

2. If he is entitled to an account for the rents and profits, he must derive that right from the statute; for his right to redeem at all is given by statute, and he can claim nothing more than the statute gives him. But the statute is entirely silent upon the subject of rents, except to offset the value of improvements which may be claimed.—Clay's Digest, p. 502. And even to offset improvements, the rents can only be valued in cases where the land was sold under mortgage, deed of trust, or decree in chancery ; and the provisoes contained in the fifth section do not extend to lands sold under execution.

3. Independent of these reasons, the allegations of the bill are not sufficient to authorize a decree against defendants for the rents. The bill alleges (and its allegations will be construed most strongly against the complainant) that John Phillips was in possession of the land from the sheriff's sale until his death, and that his administrator has been in possession since his death ; *non constat* that the land was not unimproved, or that they never received any rents and profits.—Paulling v. Meade, *supra ;* Sandford v. Ochtalomi, *supra.* A purchaser of land at sheriff's sale becomes the absolute owner, and a *bona fide* creditor has only the right of redemption.—Kennon v. Pillow, 7 Humph. 291. To hold such purchaser liable for rents and profits, would be to sacrifice real estate, rather than to prevent its sacrifice.

RICE, J.—No decree can be rendered which is not founded on an allegation in the bill, notwithstanding there may be ample testimony to justify it.—Sandford v. Ochtalomi, 23 Ala. 669; Lockard v. Lockard, 16 *ib.* 423.

There are no allegations in the bill in the present case, which would authorize the court to render a decree for rents and profits, or even to consider them for any purpose, except merely " by way of offset to the improvements made."

The purchaser of land of a judgment debtor, at a sale under execution, on receiving the sheriff's deed, becomes the absolute owner, and, entering into possession, is entitled to the rents and profits. Nothing is left in the former owner, or his judgment creditors, but the naked right to redeem ; which is lost, if it be not asserted in the time and manner prescribed by the statute, unless, without fault or neglect on the part of the person desiring to redeem, he is prevented or excused from thus asserting it, by the conduct or agreement of such purchaser.—Kennon v. Pillow, 7 Humph. Rep. 281; Simmons v. Marable, 11 *ib.* 436; Paulling v. Meade, 23 Ala. 505.

The right to redeem is not perfect, and cannot be enforced in a court of chancery, until there is either a performance (by the person desiring to redeem) of all that the statute requires of him, or a valid and sufficient excuse for non-performance. And a bill to redeem, which does not *allege* either such a performance, or such excuse for non-performance, and couple such excuse with an offer in the bill to perform all that the statute requires,—contains no equity.—Rothwell v. Gettys, 11 Humph. Rep. 135, and cases *supra ;* Southard v. Pope, 9 B. Monroe, 264 ; Griffin v. Coffey, *ib.* 453.

If the bill does not show that a tender was made before it was filed, a tender made in it is not sufficient to authorize a decree for the redemption, unless, in connection with such offer, the bill shows a valid and sufficient excuse for the omission to make a tender before it was filed. And although the redemption was properly decreed upon the pleadings and proofs in Freeman & Warren v. Jordan, 17 Ala. 500, yet the first head-note to that case is not law, and is not authorized by the decision actually made in that case.—See cases cited *supra.*

The title of such purchaser at execution sale, to the land and its rents and profits, as against all persons desiring to redeem, continues perfect and absolute, from the time he goes into possession, *until he is put in default.* His liability to account for rents and profits, except merely " by way of offset to the improvements made," does not arise, until he is in default.

Without undertaking now to specify the various modes in which he may be put in default, it is sufficient for the purposes

of this case, to declare that, as no tender was made to the purchaser of the land mentioned in the bill, in his lifetime, he was not in default at his death ; and that, as the bill shows that he died intestate, leaving *minor heirs*, and that administration was granted on his estate, and fails to show that any tender was made before it was filed, and also fails to show that *the tender therein made was accompanied by the payment of the money into court, no default of the administrator or heirs is alleged*, and there cannot be any decree against them, or either of them, for the rents and profits. Conceding that the bill shows enough to authorize the court to decree a redemption of *the land*, on causing the complainant first to pay the purchase money and ten per cent. interest, and other lawful charges ; yet it does not show enough to entitle him to a decree for rents and profits.

The decree is affirmed.