[Trimble v. Williamson.]

# Trimble v. Williamson.

*Bill in Equity by Judgment Creditor, for Redemption of Land sold under Execution.*

1. *Right of judgment creditor to redeem not affected by bankruptcy of debtor.* — The statutory right of a judgment creditor, to redeem lands sold under judicial process against his debtor (Rev. Code, §§ 2513-21), is not taken away by the bankruptcy of the debtor, occurring after the rendition of the judgment, and before the offer to redeem.

2. *Tender; what will excuse.* — If the purchaser is absent from the State when a redemption is sought, and so continues up to the last day allowed by the statute for making a tender and offer to redeem, the creditor may, on that day, file his bill in equity to redeem, making a tender . therein, and depositing the money in court.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 2d December, 1869, by R. M. Williamson, against Benjamin Trimble, and sought a redemption, under the statute, of certain lands which had been sold under execution against Thomas J. and Thweat E. Mitchell, and purchased at said sale by said Trimble. The sale under execution was made on the 2d day of December, 1867, and the price paid by the purchaser was one hundred and forty dollars. The complainant asserted the right to redeem, as the assignee and owner of certain unsatisfied judgments against said Thomas J. and Thweat E. Mitchell, which were rendered respectively in 1861, 1867, and 1868, and which were assigned to the complainant on or before the 1st December, 1869. The bill alleged that, on the 1st December, 1869, the complainant went to said Trimble's place of business, in the city of Montgomery, for the purpose of making a tender and offer to redeem the lands, and was informed that said Trimble was absent from home, and was in Mississippi; that he thereupon stated his business to Trimble's partner, and made to him a tender and offer to redeem, as required by the statute, and offered to credit his judgments with the additional sum of $6,000; that the tender and offer were declined, on the ground that said partner had no authority to act in the matter for Trimble; that this offer was repeated on the next day, and was again declined on the same ground. The bill alleged that Trimble was still absent from the State, and renewed the tender and offer; and it was accompanied with the payment of $180, in gold, into court, to be paid to the defendant under the decree of the court.

The defendant admitted in his answer all the allegations of the bill; but he insisted that the complainant was not entitled to redeem, because, after the said execution sale, and before the

1st December, 1869, the said Thomas J. and Thweat E. Mitchell had been adjudicated bankrupts, and all their rights of property had been transferred to J. F. Bailey, as assignee in bankruptcy; and he set up these facts also by way of plea. The answer also contained a demurrer to the bill for want of equity, on account of the insufficiency of the averments as to a tender.

The case was submitted to the chancellor, on an agreed statement of facts, in which the bankruptcy of the Mitchells, and the appointment of an assignee of their estate, as alleged in the answer, were admitted; also, that the bankrupts had not surrendered the right of redemption in their schedules; that the assignee had never taken any steps to redeem the lands; that the plaintiff's judgments were unsatisfied, and had never been proved as debts against the bankrupts' estate; and that the plaintiff and his assignors had notice of the proceedings in bankruptcy. The chancellor rendered a decree for the complainant, and his decree is now assigned as error.

ARRINGTON & GRAHAM, for appellant.

E. J. FITZPATRICK, contra.

BRICKELL, J. — The statutes of this State authorize the redemption of real estate which has been sold under execution at law, or under a decree of a court of equity, or under a deed of trust, or power of sale in a mortgage. R. C. § 2509. The right of redemption is secured to the debtor whose land is sold, and to his judgment creditors. It is not extended to creditors generally, but only to judgment creditors, whose judgments would, but for the sale, operate a lien on the land. *Thomason* v. *Scales*, 12 Ala. 309; *Freeman* v. *Jordan*, 17 Ala. 500. The statutes create a broad distinction between the right of the debtor and the right of the creditor. The two have no connection, and no dependence of the one on the other. The conditions which the debtor must perform, to perfect his right of redemption, are different from those which the creditor must perform, and less onerous. The one right may be waived, or forfeited, without affecting the force of the other.

The debtor, if he proposes to redeem, must, within two years after the sale, pay or tender to the purchaser, or to his vendee, the purchase money of the land, with ten per cent. *per annum* thereon, and all lawful charges; and the payment or tender restores him to his original title. If a conveyance has been made to the purchaser, the debtor is entitled, at his own costs, to a reconveyance. The debtor, to entitle himself to redeem, if in possession, must, in ten days after the sale, on demand of

[Trimble *v.* Williamson.]

the purchaser, or his vendee, surrender possession. A failure to observe this requirement of the law, works a forfeiture of the debtor's right of redemption. *Paulling* v. *Meade*, 23 Ala. 505 ; *Sanford* v. *Ochtalomi*, Ib. 669 ; R. C. § 2510.

A judgment creditor may redeem by paying or tendering the amount bid for the land, with ten per cent. *per annum* thereon, and all lawful charges ; *and must offer to credit the debtor, on a subsisting judgment, with a sum at least equal to ten per cent. of the amount originally bid for the land.* To the proposition of the judgment creditor to redeem, the purchaser, or person holding under him, may respond by crediting the debtor, on a subsisting judgment, with the sum offered to be credited by the creditor, and retain the land ; unless the creditor, coming to redeem, offers to give an additional credit, of not less than ten per cent. of the amount originally bid for the land ; to which the purchaser, or those claiming under him, may respond as before provided. R. C. §§ 2513-14. When the debtor comes to redeem, no offer to credit his debt, whether due by judgment or otherwise, will hinder his redemption. No debt due from him to the purchaser, whatever its dignity or obligation, can be tacked to the sum the statute requires to be paid, as the price or condition of redemption.

This reference to the statutes shows that the rights of the debtor and of the creditor are distinct and independent. If the debtor should neglect or refuse to surrender to the purchaser the possession of the land, compelling a resort to a suit for its recovery, thereby he would forfeit his right of redemption ; but the right of the creditor would be unimpaired. If by any act, or contract, the debtor should estop himself from asserting his right of redemption, the purchaser's estate in the land would not be freed from the right of the creditor. So, if the creditor should relinquish to the purchaser his right of redemption, or should estop himself from asserting it, the right of the debtor would remain as declared by the statute, and in its exercise he would not be impeded by any act of the creditor.

If this theory of the statute is correct, it follows that the bankruptcy of the debtor cannot extinguish or affect the right of the judgment creditor, in the absence of express provisions in the bankrupt law, so declaring. The effect of bankruptcy is to divest the bankrupt of his rights in and to property, or springing out of contract, be they legal or equitable. The rights of third persons are not affected by the bankruptcy. The right of a judgment creditor to redeem the lands of his debtor is a right or incident attached to the judgment, and inhering to its ownership. It may well be deemed a part of the lien of the judgment. It is but an additional method,

provided by law, for obtaining satisfaction of the judgment. The policy of the bankrupt law is to preserve judgments existing against the bankrupt, according to the right of the creditor when the bankruptcy intervened, unless the judgment is offensive to some express provision of the law, or successfully impeached for fraud. The spirit of the common law is to reward the diligent and honest creditor. Well considered decisions declare that the bankrupt law does not discourage diligence in the collection of debts, and that creditors who have obtained a lien, by a legitimate effort to collect an honest debt, must be permitted to enjoy the advantages gained by their diligence. *In re Campbell*, 7 Am. Law Reg. 100; *In re Schnapp*, Ib. 214. The liens protected and preserved by the bankrupt law are not the technical liens of the common law only, of which possession was an element, and often an indispensable element, but charges on realty or personalty, recognized in law or equity. Bump on Bankruptcy, 133. The creditor's right of redemption is essentially a right to charge the lands of his debtor, which would have been subject to the express statutory lien of the judgment, if they had not been sold, with the payment of his judgment. We hold, therefore, that the bankruptcy of the debtors, occurring long after the rendition of the appellee's judgments, did not take away the right of redemption.

We are aware the Supreme Court of Tennessee attained a different conclusion in the case of *Pillow* v. *Langtree*, 5 Humph. 389. We presume that decision is a correct exposition of the statute of Tennessee. We feel assured it does not accord with the letter or spirit of our statute. The proposition on which the decision rests is variant from that which we have endeavored to show is the correct proposition deducible from our statutes. The court say: "The legal basis of the whole matter, however, is the debtor's right of redemption. It has been seen that this right is vested, by the terms of the bankrupt law, in the assignee in bankruptcy, to be exercised under the direction of the court." Under our statutes, the basis of the judgment creditor's right of redemption is not the right of the debtor to redeem. If it was, the debtor could destroy it by his negligence, or wilfulness, in not surrendering possession to the purchaser within the time prescribed; or, if his right be alienable, by an alienation. The assignee succeeds only to the estate of the bankrupt, and he takes that estate, with all legal incumbrances resting on it. He does not succeed to the right secured by state laws to judgment creditors of the bankrupt.

A question not unlike that presented by this case, was passed upon by this court in *Roden* v. *Jaco*, 17 Ala. 344. A statute then existing authorized a plaintiff in execution to pay off a

[Mound City Mutual Life Insurance Company v. Huth.]

deed of trust made by his debtor, subrogated him to the rights of the creditor under the deed, and required the trustee, on his request, to execute the trusts of the deed, applying the proceeds of the sale of the property conveyed to reimbursing him the sum paid to the creditor, and to the satisfaction of his execution. Clay's Digest, 256, § 6. Jaco, having made a deed of trust to secure creditors, subsequently applied for and obtained the benefit of the bankrupt law of 1841. Before the commencement of the proceedings in bankruptcy, a creditor commenced suit, and obtained judgment against him, pending the proceedings, but before final judgment. The creditor caused an execution to issue on his judgment, paid off the deed of trust, and the trustee under the statute executed the deed. The right of the creditor thus to proceed for the collection of his debt was assailed, but was sustained by this court. This case does not require us to follow that case to its utmost extent. There, the right of the assignee in bankruptcy may have been invaded. In this case, no right of his has been affected. It is an authority, justifying us in asserting that the incidents attached by the law of the State to a judgment are not destroyed by the subsequent bankruptcy of the debtor.

2. The bill discloses a sufficient excuse for not having made a tender to the appellee personally. His absence from the State, when he was sought for the purpose of making the tender, continuing to the day on which the two years would have expired, authorized the appellee on that day to file his bill, making the tender therein, and depositing the money in court. *Spoor* v. *Phillips*, 27 Ala. 193.

The decree of the chancellor conformed to the views we have expressed, and it is affirmed.