# Beebe *v.* Buxton.

*Bill in Equity to Redeem Lands Sold Under a Mortgage.*

1. *Tender; what necessary when purchaser is a non-resident.*—When a bill is filed to redeem lands sold under a mortgage, and the purchaser is absent from the State, a tender to be sufficient must be made by a deposit of the money in court on the filing of the bill.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the appellant, Eugene Beebe; and sought to redeem from the appellee, W. H. Buxton, certain real estate which had been sold under the power of sale contained in a mortgage by said Beebe & Henshaw, the said Buxton being the purchaser at said sale. The bill was filed on the last day within two years after the sale, and avers the execution of the mortgage, default in the payment of the debt secured thereby, the sale under the power, the purchase by said Buxton at said sale, and the delivery of possession to the purchaser within ten days after such sale.

The complainant averred that he was unable to tender the purchase-money with ten per cent. interest *per annum* thereon, because of the non-residence of Buxton, but offered in said bill "to pay the said Buxton the purchase-money paid by him for the said property, with ten per cent. *per annum* thereon, and all other lawful charges he may have against the said property." But the amount of the purchase-money, with interest, was not paid into court.

The respondent demurred to the bill on the ground of want of proper tender, in the failure to pay the money into court.

The chancellor sustained this demurrer; and the present appeal is prosecuted from his decree in this behalf, and the same is here assigned as error.

A. A. WILEY, and TOMPKINS & TROY, for appellant.

BRICKELL, SEMPLE & GUNTER, *contra.*

WALKER, J.—The statutory right of redemption is purely the creature of legislation, and can only be exercised by the persons named in the statute, in the mode, within the time and upon the conditions there prescribed.—*Powers v. Andrews*, 84 Ala. 289. One of the essential conditions to the exercise of the right is the payment or tender by the redemptioner to the purchaser or his vendee of the purchase-money with ten per cent. *per annum* thereon, and all other lawful charges. Code, § 1881; Acts of Ala., 1888-89, p. 764. The statute not specifically prescribing the mode in which the tender must be made, the absence of the purchaser or his vendee from the State is recognized as an excuse for a failure to make the tender to him in person, and as occasioning a necessity to file a bill for a redemption, in which the tender may be made. To the sufficiency of a tender made in this way the payment of the money into court is essential.—*Spoor v. Phillips*, 27 Ala. 193; *Trimble v. Williamson*, 49 Ala. 525; *Alexander v. Caldwell* 61 Ala. 543; *Caldwell v. Smith*, 77 Ala. 157; *Stocks v. Young*, 67 Ala. 341. When the bill is one to enforce the equitable right of redemption before foreclosure, an offer therein to pay all that may be found due, on the taking of the account prayed, is sufficient. In such case an averment of a tender before the filing of the bill is only material as effecting the question of costs, and is not essential to the equity of the bill.—*Thomas v. Jones*, 84 Ala. 302; *McGuire v. Van Pelt*, 55 Ala. 344. The statutory right of redemption is a wholly different matter. As the statute clearly makes a payment or a tender a condition to the exercise of the right, we think that such payment or tender must be made to the purchaser or his vendee in person, or, when that is not practicable, by the deposit of the money in court on the filing of the bill to redeem. The bill in the present case alleges that there are no lawful charges known to the complainant against the property sought to be redeemed except the pur-

chase-money and interest. The complainant could by his bill have tendered the amount which, according to his averments, he was bound to pay. Because of the failure to make the tender in the bill, the complainant does not show himself entitled to the relief prayed. The grounds of demurrer suggesting this defect in the bill were properly sustained.

Affirmed.