# Beatty v. Brown,

*Bill in Equity to Redeem Lands after Foreclosure of a Mortgage.*

1. *Bill to enforce statutory redemption; tender must be averred.*—A bill

[Beatty v. Brown.]

filed to enforce a statutory right of redemption is without equity, unless it avers a tender as required by statute to the purchaser or his vendee; and when such tender was not practicable before bill filed, the bill, after alleging a sufficient excuse for such failure, must also aver a present tender by payment into court, accompanied by a delivery of the money to the register.

APPEAL from the Chancery Court of Tuscaloosa.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed by the appellant against the appellee; and prayed to be granted the privilege allowed him under the statute for redeeming property which had been sold under a mortgage.

The bill avers the execution of the mortgage by the complainant to the defendant; failure to pay the debt secured thereby, and the foreclosure of said mortgage, setting out the amount paid at said sale, and the purchase at said mortgage sale by the mortgagee, who is the defendant to the bill. The mortgage referred to was a mortgage executed by the complainant to the defendant on certain lands, which were bought of the defendant by the complainant. The said mortgage was regularly foreclosed by a decree of the chancery court. The bill does not allege any prior tender to the defendant of the amount paid by him at the sale, and the interest and charges, required by statute of one who seeks to redeem; nor does the bill offer to do equity by the payment unto the defendant of the discrepancy in the amount paid at the sale and the mortgage debt; nor does the bill allege that the complainant has paid into court the amount required by statute; nor did he, as matter of fact, pay such amount into court.

The complainant sets up as an excuse for his failure to make such averments in the bill and to tender the amount required by statute that he was unable to ascertain for what amount he was liable, owing to certain matters alleged in his bill of complaint. These certain matters set up as an excuse may be summarized as follows: 1st. Misrepresentation by the defendant in the original sale to complainant as to the existence or extent of a certain railroad right of way over the lands, which, it is averred, the complainant did not discover in time to obtain redress for the same in the foreclosure proceedings. 2d. Failure of title to 40 acres of the land sold. 3d. Waste committed by the defendant in cutting down

timber and removing houses from the land subsequent
to the sale. 4th. That the defendant has received a
large amount of rents subsequent to the sale. 5th. That
the defendant had recovered, since the sale at which he
purchased, over $500, which, was alleged, was a part of
the same debt for which the land was sold.

The defendant demurred to the bill, the principal
grounds of which demurrer were, that the bill fails to
show that the complainant has complied with all the
statutory requirements which entitle him to redeem, in
that he does not aver therein the tender of the amount
required by statute ; that there is not shown a valid and
sufficient excuse for this failure ; and that the bill fails
to aver that the complainant offered to do equity.  The
defendant also moved to dismiss the bill for the want of
equity.  The chancellor sustained the demurrer and
granted this motion; and his decree in this behalf is
assigned as error on the present appeal by complainant.

T. L. BEATTY, A. B. McEACHIN and H. B. FOSTER,
for appellant.—Complainant's bill to redeem alleges
payment, and waste, and offers to pay the respon-
dent any balance which might be· found due upon
a statement of the account between them, ordered and
directed by the chancery court.  This was clearly all
that the law required, and it seems plain that the bill
contained equity, and should not have been dismissed.—
*Whitley v. Dunham Lumber Co.*, 89 Ala. 493, 7 So. Rep.
10 ; *Fields v. Helms*, 70 Ala. 460 ; *Gilmer v. Wallace*, 79
Ala. 464; *Loan Asso. v. Lake*, 69 Ala. 456 ; *Adams v. Sayre*,
70 Ala. 318 ; *McGuire v. Van Pelt*, 55 Ala. 344 ; *Boyd v.
Hoyt*, 5 Paige Ch. 65.

HARGROVE & VANDEGRAAFF and J. J. MAYFIELD, con-
tra.—If the bill does not show that a tender was
made before it was filed, a tender made in it is not
sufficient to authorize a decree for the redemption, un-
less in connection with such offer the bill shows a valid
and sufficient excuse for the omission to make a tender
before it was filed.—*Spoor v. Phillips*, 27 Ala. 197; *Paul-
ling v. Meade*, 23 Ala. 505; *Carlin v. Jones*, 55 Ala. 624 ;
*Trimble v. Williamson*, 49 Ala. 528 ; *Lehman v. Collins*, 69
Ala. 127.

McCLELLAN, J.—A bill to effectuate a mortgagor's

[Beatty v. Brown.]

*statutory right* of redemption, which right exists, of course, only after foreclosure, is without equity unless it avers the tender which the statute requires to be made to the purchaser or his vendee.   This results from the terms of the statute itself (Code, § 1881), as has been declared by this court in the following among other cases :   *Paulling v. Meade*, 23 Ala. 505 ;   *Spoor v. Phillips*, 27 Ala. 193 ;  *Carlin v. Jones*, 55 Ala. 624 ;  *Stocks v. Young*, 67 Ala. 341 ;  *Lehman, Durr & Co. v. Collins*, 69 Ala. 127; *Pryor v. Hollinger*, 88 Ala. 405, 6 So. Rep. 760 ; *Lehman, Durr & Co. v. Moore*, 93 Ala. 186, 9 So. Rep. 590; *Beebe v. Buxton*, 99 Ala. 117, 12 So. Rep. 567.  In no case has it been decided that tender and an averment of the fact are not essential, though there may possibly be a *dictum* in one of the cases to that effect ;  and there are one or two cases which, upon casual reading, might seem to support that view, but these will on examination be found to involve bills to assert and effectuate the *equity* of redemption, which exists only, of course, before foreclosure.

As respects the purchase money  bid and paid for the land at the foreclosure sale, and the ten *per cent. per annum* thereon, a tender must in all cases be made, alleged and proved; and such tender when practicable must be made to the purchaser or  his vendee before bill is filed. If this is not done, the bill must allege a valid and sufficient excuse for the complainant's failure to do it. Where such excuse exists and is alleged, the bill must go further and allege a present tender by payment into court and must be accompanied by a delivery of the money to the register of the court.   Thus in *Beebe v. Buxton, supra,* it is said :  "The statute not specifically prescribing the mode in which the tender must be made, the absence of the purchaser or his vendee from the State is recognized as an excuse for the failure to make tender to him in person, and as occasioning a necessity to file a bill for redemption in which the tender may be made.   To the sufficiency of a tender made in this way, the payment of the money into court is essential.— *Spoor v. Phillips,* 27 Ala. 193 ;  *Trimble v. Williamson,* 49 Ala. 525; *Alexander v. Caldwell,* 61 Ala. 543; *Caldwell v Smith,* 77 Ala. 157; *Stocks v. Young,* 67 Ala. 341. * * * As the statute clearly makes a payment or a tender a condition to the exercise of the right, we think

that such payment or tender must be made to the purchaser or his vendee in person, or, when that is not practicable, by the deposit of the money in court on the filing of the bill to redeem." The statute takes no account of the possible ignorance of the debtor as to the amount of purchase money to be repaid. It, to the contrary, proceeds on the by no means unreasonable assumption that he will always know or be able to advise himself of the price at which his property has been sold; and it is absolute and unequivocal in its requirement that such price and a certain *per centum* thereon shall be refunded or tendered as a condition to the exercise of the right it gives. It is equally clear in its terms as to the lawful charges required to be paid or tendered; but a case might possibly exist, though the present is not one of them, where on account of the purchaser's absence from the State, and the debtor's consequent inability to see or confer with him, a lawful claim constituting a charge on the land might be held by the purchaser without the knowledge of the debtor, and, in such case, it may be that a bill to redeem, averring a valid excuse for failing to pay or tender before suit, tendering in its allegations, accompanied by payment into court, the purchase money and ten *per cent. per annum* thereon, and *offering* to pay all charges that might be found to exist, would be sufficient. This, however, we do not decide. And with respect to any claim the purchaser may have for permanent improvements : Inasmuch as the amount of such claim—or rather the value of such improvements where the claim in fact exists—must be agreed on or determined by arbitration (Code, § 1889), the complainant, where he had had no opportunity to treat with the purchaser, could not know the amount of this item and need only, we should say, offer in his bill to pay it upon ascertainment. This question is not in the present case; and we have adverted to it and the matter next preceding only to make it appear that it is not here decided that where for good cause tender is not made before suit, the tender averred in the bill by payment into court should embrace in all cases lawful charges and the value of permanent improvements.

The present bill is fatally defective under the foregoing principles, wholly regardless of whether it sets forth a good excuse for a failure of tender before suit or not.

It in itself makes no tender by alleging that money is paid into court, and no money was paid into court. For this, in any view, there can be no excuse.

This suffices to sustain the decree of dismissal entered below, and we will not extend this opinion by a discussion of the facts put forward to excuse failure of tender before suit further than to say that they are to our minds manifestly insufficient, a conclusion which must ensue from the absolute requirement that the purchase money, interest and lawful charges must be paid or tendered, admitting, as it does, of no inquiry having in view the reduction of the amount to be so paid or tendered to the extent of cross demands of the mortgagor against—not the *purchaser* with whom alone he is now dealing—but the *mortgagee*.

Affirmed.

