# Butler *et al.* v. Hannah.

*Bill in Equity to redeem Lands sold under a Mortgage.*

1. *Statutory right of redemption; tender before bill filed essential; burden of proof.*—The condition precedent to the exercise of the statutory right of redemption is, that the redemptioner must tender to the purchaser, or his vendee, the purchase money and ten *per cent. per annum* thereon, and all lawful charges; and on the filing of a bill to enforce the statutory right of redemption, the burden is upon the complainant to show that a valid tender of such amount was made before the bill was filed, or to prove facts which constitute a sufficient excuse for the failure to make such tender.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. THOMAS COBBS.
The bill in this case was filed by the appellee, Laura B. Hannah, against the appellants, on April 11, 1891. The complainant, as the transferee of a judgment rendered against A. J. Hannah, in favor of Howard & Ewing, seeks to redeem the lands from the purchasers, or their vendors, at a sale under an execution upon a judgment against the said A. J. Hannah, in favor of Fite, Porter & Co. and Pendleton, Thomas & Co. These lands were sold under said execution on April 15, 1889, and at the sale J. Klaus & Co. became the purchasers, and subsequently conveyed the lands to J. E. Hannah and Butler. The material question presented was that of tender; and the facts in reference thereto are sufficiently shown in the opinion.

Upon the final hearing of the cause, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered that she be allowed to redeem upon the payment of the amount ascertained by the register to be due. The respondents appeal, and assign as error this decree of the chancellor.

[Butler *et al.* v. Hannah.]

WILLIAM RICHARDSON, for appellants.—1. The right of redemption is purely the creature of the statute, and can only be exercised by the persons named within the statute in the mode and within the time and upon the conditions there prescribed.—*Beebe v. Buxton*, 99 Ala. 117; *Powers v. Andrews*, 84 Ala. 289.

2. There must be a payment or tender by the redemptioner to the purchaser or his vendee of the purchase money with 10 *per cent. per annum* thereon and all other lawful charges.—Code of 1886, § 1881; Acts 1888–89, p. 764; *Beebe v. Buxton*, 99 Ala. 117.

3. The law defines what is necessary to constitute tender : "A mere proposition to pay is of itself insufficient. There must be an actual production of the money, or there must be something to excuse the failure to produce it.—*Camp v. Simon*, 34 Ala. 126 ; *Steele v. Hannah*, 91 Ala. 190; *Lehman, Durr & Co. v. Moore*, 93 Ala. 186.

LAWRENCE COOPER, *contra.*, cited *Beebe v. Buxton*, 99 Ala. 117; *Lehman, Durr & Co. v. Moore*, 93 Ala 186.

COLEMAN, J.—Laura B. Hannah, as the owner and holder of a judgment against Andrew J. Hannah, filed the present bill to redeem certain lands, which had been sold under execution issued upon a judgment recovered by a different creditor against the said Andrew J. Hannah, and which lands were purchased by James E. Butler. The bill was filed within two years, and we hold the averments are sufficient to entitle complainant to relief, if sustained by the proof. The statute provides the terms upon which one judgment creditor may redeem lands from a purchaser at execution sale, or from another judgment creditor. In construing the statute, this court has uniformly held, that the redemptioner must tender to the purchaser or his vendee the purchase money and ten *per cent. per annum* thereon and all lawful charges, and unless this is done before the filing of a bill to redeem, or some sufficient reason for not making the tender is shown, the redemptioner is not entitled to relief.—*Beebe v. Buxton*, 99 Ala. 117 ; *Lehman, Durr & Co. v. Moore*, 93 Ala. 186. The bill avers distinctly that the tender was made to James E. Butler, and the answer denies with equal emphasis that any

[Butler *et al.* v. Hannah.]

money whatever was tendered. Andrew J. Hannah, the husband of the complainant, was the only witness examined to prove the tender. He swears positively to a tender to James E. Butler, in gold coin, of the proper amount, and ten *per cent. per annum*. His evidence sustains the averments of the bill. James E. Butler testified positively that no such tender was made, that "neither A. J. Hannah nor Laura B. Hannah, nor no one acting for them" tendered him any money before the bill was filed. He says A.. J. Hannah came to him with a paper and wanted him to sign an acknowledgment, that a legal tender had been made, "which witness refused to do, as he had made no tender of any cash." The evidence is irreconcilable, and there is nothing that would justify a reasonable conclusion that the complainant had made good the averment of a tender. It would appear from the testimony of both these witnesses, that a third person was present as a witness to the transaction between them, and strange to say, this person was not examined by either party, nor any reason given why he was not examined.

The case is not the same as when a court has a witness examined orally, in its presence, and can consider the manner, tone and appearance of the witness during his examination, in weighing the evidence. In the case at bar both witnesses were examined by deposition. This court has all the means of weighing the testimony possessed by the chancery court, and after weighing the evidence. we are not satisfied that a legal tender was made.

It may be, as argued by the appellee, that the purchaser. denied the right of complainant to redeem and would have refused a tender if made. We do not know this. He remained at his place of business, was accessible, and it seems did not avoid giving to complainant the opportunity to make a tender. He testified that he refused to acknowledge a tender, because no cash was in fact tendered.

There are other questions argued, but our conclusion upon the question of. a tender renders it unnecessary to consider them.

Reversed and remanded.

BRICKELL, C. J., not sitting.