# Murphree v. Summerlin.

*Bill in Equity to redeem Lands sold under a Mortgage.*

1. *Bill to redeem; what averment necessary when equitable right of redemption sought to be enforced.*—When a bill is filed to enforce an equitable right of redemption, an averment of a prior tender is not necessary to give the bill equity; and it is sufficient if the complainant offers to pay all that may be found to be due, and to do equity.

2. *Same; to enforce the statutory right the terms of the statute must be complied with.*—To enforce the purely statutory right of redemption after foreclosure, the terms of the statute must be complied with; and a bill to enforce such right, which fails to aver that complainant has paid the amount due upon the mortgage with ten *per cent. per*

*annum* and all lawful charges into court upon the filing of the bill, and contains no offer to abide the decree of the court, is without equity.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on November 16, 1895, by the appellee, John Summerlin, against the appellant, Joel D. Murphree.

It was averred in the bill that the complainant and his wife had executed to the respondent a mortgage conveying certain lands, to secure the payment of a note ; that this mortgage was duly foreclosed by Murphree by a decree of the chancery court, and that on November 6, 1893, the register sold the said lands under a decree of foreclosure, and Murphree became the purchaser thereof for the sum of $322.47 ; that complainant delivered to said Murphree possession of the lands within ten days after the sale, and rented them from him for the year 1894, and also for the year 1895.

"Complainant avers that on or about, to-wit, October 25, 1895, within two years allowed for the redemption of real estate sold by virtue of any decree in chancery, or under deed of trust or power of sale in a mortgage, complainant tendered to the said Joel D. Murphree, in the presence of Luke Petry the $322.47, the amount of the purchase money for which the said lands sold, together with ten *per centum per annum* thereon from the date of the sale, and all other lawful charges incurred by the said Joel D. Murphree ; and complainant avers that said Murphree refused to permit him to redeem unless complainant would pay him, the said Murphree, the sum of $572.20, according to a statement rendered complainant by Mr. Murphree, which complainant alleges was not in any manner due the said Murphree, as all matters and transactions growing out of the mortgage indebtedness had been fully adjudicated and settled between them on the reference before the register in the foreclosure proceedings and decree for the said $322.47 rendered against complainant."

The prayer of the bill was that the complainant be allowed to redeem said lands from said foreclosure sale by the payment of said sum for which said lands were sold, with interest thereon from the date of said sale, with all lawful charges.

[Murphree v. Summerlin.]

The respondent demurred to the bill upon the following grounds: 1st. The complainant does not show that he was ready, willing and able to pay the amount tendered to respondent during all the time between the date of the alleged tender and the filing of the bill in this cause. 2d. The bill does not show that complainant was ready, willing and able to pay the respondent the amount of said tender at the time of the filing of the bill in this cause. 3d. Nowhere in said bill does complainant offer to pay respondent the amount so admitted to be due him upon the redemption prayed for. 4th. The money so alleged to have been tendered is not brought into court, and deposited therein by complainant, as shown by any averment therein contained. This demurrer was overruled.

There was no proof that the complainant paid into court the amount necessary to redeem the lands; but there was proof that he surrendered the lands to the purchaser at the foreclosure sale within ten days after the sale.

Upon final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for.

The defendant appeals, and assigns as error the decree of the court overruling the demurrers, and the final decree granting the relief prayed for.

WORTHY, FOSTER & CARROLL, for appellants. — The bill fails to aver that the complainant kept his tender good after making the same good before suit brought, or that he paid the money into court, and there is no offer on the part of the complainant to do equity. The demurrers should have been sustained. The bill, therefore, contained no equity.—*McCalley v. Otey*, 90 Ala. 302; s. c. 99 Ala. 584; *McGuire v. Van Pelt*, 55 Ala. 344.

BRICKEN, BRICKEN & BRICKEN, *contra.*—1. The demurrers were properly overruled. — *Beatty v. Brown*, 101 Ala. 695; *Beebe v. Buxton*, 99 Ala. 117; *Carlin v. Jones*, 55 Ala. 625. Money need not be produced when party declares he will not receive it.—*Root v. Johnson*, 99 Ala. 92; *Odum v. R. & J. R. R. Co.*, 94 Ala. 496; *Rudolph v. Wagner*, 36 Ala. 702. The chancellor did

[Murphree v. Summerlin.]

not err in rendering final decree allowing redemption by appellee.—Code of 1886, § 1879, and cases cited.

COLEMAN, J.—The bill was filed to enforce the statutory right of redemption of lands, which had been sold under a foreclosure decree of the chancery court, and purchased by appellant. The equitable right of a mortgagor to redeem the mortgaged lands, a right which remains vested in him until divested by foreclosure, is different from the statutory right to redeem, which arises only after foreclosure. When a bill is filed to enforce the equitable right of redemption, an averment of a prior tender is not necessary to the equity of the bill. If the complainant offers to pay all that might be found to be due, and to do equity, that is sufficient.—*Thomas v. Jones*, 84 Ala. 802 ; *McGuire v. Van Pelt*, 55 Ala. 344 ; *Beebe v. Buxton*, 99 Ala. 117 ; *McCally v. Otey*, 90 Ala. 302 ; *Ib.*, 99 Ala. 588.

The right to redeem after foreclosure is purely statutory ; and to enforce it, the terms of the statute must be complied with. This requires delivery of the land to the purchaser, upon his demand, within ten days after the sale, and payment or tender within two years of the purchase money, with ten *per cent. per annum*, and all other lawful charges. When a mortgagor or other person entitled to the statutory redemption, applies to a court of equity to enforce this right, he must do equity. A previous tender alone is not sufficient, for if this were allowed, he might get the land and retain the purchase money also. The payment of the money into court with the bill and the offer to abide the decree of the court, is indispensable to give the bill equity. The demurrer to the bill was well taken, and should have been sustained. *Beatty v. Brown*, 101 Ala. 695 ; *Beebe v. Buxton*, 99 Ala. 117.

The evidence is sufficient to show that complainant delivered possession of the land to the purchaser. So far as this phase of the case affects complainant's right to redeem, the averments and proof were all that the statute requires.

Reversed and remanded.