[Long *et al.* v. Slade &. Farrish.]

121  267
e142  600

# Long *et al. v.* Slade & Farrish.

## Bill to Foreclose Mortgage and Redeem Land Sold Under Prior Mortgage.

1. *Land; belonging to partnership when considered personal property.*—If a partnership acquires land in the course of. partnership business and with partnership assets, the. land, as between the partnership and its creditors, is considered personal property and subject to partnership debts as personal property could be so applied.

2. *Same; one partner can convey in firm name good title in equity.* A partnership acting collectively and by and through one of the partners, can convey to its creditor in payment of his debt, either by absolute deed, or by a conditional conveyance in the firm name to secure a debt owned by the partnership, the land acquired by it in the course of partnership business and with partnership assets; and such conveyance or conditional conveyance passes a perfectly good title in equity.

3. *Same; title by partnership not affected by being made by one member or because a married woman is a member.*—The validity of a title to land owned by a partnership and conveyed by mortgage by a member of the firm in the firm name, cannot be affected in equity by the fact that one of the partners is a married woman, or in consequence of the fact that the conveyance was executed by one member of the firm in the firm name and for the partnership.

4. *Attestation; what is not.*—If a mortgage is executed by one member of a firm in the firm name and he signs the name of a person as attesting witness who is not present, the instrument is not attested; and attestation can no more be dispensed with in equity than at law.

5. *Same; when partnership estopped to deny.*—But if one member of a partnership executes in the firm name a mortgage on land acquired in the course of partnership business and with partnership assets, to a creditor to secure a firm debt, and signs the name of an absent person to it as an attesting witness; and if the creditor accepts the mortgage in ignorance of the manner of its execution, and acts upon it for a length of time to his detriment, should it be void, all the members of the firm are estopped to impeach the apparently genuine attestation.

[Long *et al.* v. Slade & Farrish.]

6. *Redemption; statutory, the tender necessary to perfect right of; money paid in court.*—If an attempt is made to exercise the statutory right of redemption after foreclosure of a mortgage, there must be a tender of the sum required by the statute, or a sufficient excuse for not making the tender must be averred and proved; and if there is a refusal of the tender the amount must be paid into court on filing a bill to redeem and the bill must further offer to abide the decree of the court.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

Long & Co., a firm composed of W. E. Long and Mrs. Granger, the latter a married woman, executed a mortgage to Slade and Farrish to secure a debt due to them by the firm. The mortgage was on land purchased by the partnership in the course of partnership business, and was executed in the firm name by Long alone. There was no attestation. The name of C. E. Long appeared as attesting witness but he was not present at the execution of the mortgage and his name was signed by W. E. Long. The mortgage was put on the record in Henry county where the land was situated, by W. E. Long and then sent to Slade and Parrish at Columbus, Ga., who without knowledge of the manner of its attestation, accepted and acted on it as a genuine instrument for a considerable time. A portion of the property embraced in this mortgage was also embraced in a senior mortgage which had been foreclosed and the property purchased by one West. Subsequently Long & Co. conveyed the whole of the property to West which was embraced in the mortgage to Slade and Farrish. This suit is brought by Slade & Farrish and seeks to redeem the property embraced in the senior mortgage which was purchased by West at the foreclosure sale, and to subject the whole of the land to the payment of their debt. There was a tender by Slade & Farrish for the purpose of redemption but the amount tendered was not paid into court.

W. W. SANDERS, for appellants, contended, that the mortgage executed by Long was void because not witnessed; and void especially as to his partner because

·one partner cannot convey the real estate of the partnership; and especially further void as to Mrs. Granger because she was a married woman and could only convey her real estate in the manner provided by the stat-utes.—Greenleaf on Evidence, Vol. 1, Sec. 569 a; *First Nat. Bank v. Ashmead,* 14 So. Rep. 886; Herman on Estoppel, Vol. 2, Sec. 1102; *Brunson v. Morgan,* 76 Ala. 493; *Espy v. Comer,* 76 Ala. 501; *Goldthwaite v. Jan-ney,* 48 Am. St. Rep., p. 62; 21 Ala. 437; 24 N. Y. 505; 63 Am. Dec. 362; 71 Am. Dec. 700; 17 Am. & Eng. Ency., p. 960.   (2). There was no compliance with the statute law authorizing redemption.   The demurrer to the bill should have been sustained.—*Beaty v. Brown,* 101 Ala. ·695; 14 So. Rep. 368; *Beebe v. Buckston,* 99 Ala. 117: ·

·· J. G. COWAN, *contra,* contended, that the chancellor properly held the interest of both members of the firm subject to the mortgage.—*O'Neil et al. v. Birmingham Brewing Co. et al.,* 101 Ala. 383; *LeGrand v. Bank,* 81 Ala. 123; *Lumber Co. v. Lewis,* 94 Ala. 626; *Hatchett v. Blanton,* 72 Ala. 423; *Revelsky v. Brown & Smith,* 92 Ala. 522.   (2). No error in allowing redemption as the chancellor provided for a deposit of money in court before redemption.—*Beebe v. Buxton,* 99 Ala. 117; *Beaty v. Brown,* 101 Ala. 695.

· McCLELLAN, C. J.—The land embraced in the mortgage from Long & Co. to Slade & Farrish was acquired by the former in the course of their partnership business and with partnership assets. In equity as between Long & Co. and their creditors this land is to be considered as personal property belonging to the partnership; it was subject to the payment of debts just as personal assets were, and could be applied to partnership debts through the process of the chancery court or by the voluntary act of the partnership just as personal property could be so applied.  Long & Co. acting collectively as a partnership and by and through one of the partners could have conveyed to a creditor of the firm in payment of his debt, and in like manner, of course, one member of the firm acting for all could execute a conditional conveyance of it in the firm name to

secure a debt owed by the partnership; and the convey-ance in either case would have passed a perfectly good title in equity. The integrity and validity of such title would not in equity be affected by the fact that one of the members of the firm was a married woman, *Le Grand & Hall v. Eufaula National Bank et al.*, 81 Ala. 123; *O'Neil v. Birmingham Brewing Co.*, 101 Ala. 383, nor in consequence of the fact that the conveyances were executed by one member of the firm for the part-nership and in the partnership name.—*Hatchett v. Blan-ton*, 72 Ala. 423; *Rovelsky v. Brown & Smtih*, 92 Ala. 522.

Had the mortgage executed to Slade & Farrish by Long, one of the partners, for and in the name of Long & Co. the partnership, been duly attested, therefore, it would in equity have conveyed a good title into the mortgagees, because in equity the land was partnership assets and not the property of the individual partners as tenants in common, and because the signature of Long & Co. as affixed by a member of that firm was to all intents and purposes the authorized signature of the partnership. But the signature was not attested, though on the face of the instrument it appeared to be, and attestation can no more be dispensed with in equity than it can be at law; and of consequence if Long & Co. are not estopped to deny attestation the conveyance would be invalid in equity as well as at law. The facts were that W. E. Long, one of the firm, signed the name of the firm to the mortgage and also signed the name of C. W. Long to it as an attesting witness, and then filed the instrument in the office of the judge of probate for record, and had it after being recorded sent thence to Slade & Farrish, the mortgagees, who accepted it as security for the debt Long & Co. owed them and acted upon it as such for several years to their obvious detri-ment except upon the assumption of the validity of the mortgage. On these facts, it is not seriously ques-tioned, and cannot be, that Long himself is estopped to impeach the apparently genuine attestation, on the ground that he gave the instrument the appearance of genuineness and sufficiency and delivered it to Slade & Farrish, and that they have acted upon it according to

its appearance of validity; but it is insisted that the
other member of the firm who personally had no connec-
tion with the instrument cannot be so estopped. The
contention is without merit. The estoppel is not upon
either member of the firm as an individual, but it is
upon the partnership as such. What Long did in sign-
ing, attesting and delivering the mortgage was not his
act alone, but the act of the partnership, he having the
right as a member to subscribe the partnership name
and thereby bind the partnership. He also had the right
to deliver the instrument as the deed of the partner-
ship; and whatever appearance he gave to it was the
appearance given to it by the partnership. His act
throughout was the act of the partnership just as much
as if each member had fully participated in it through-
out, and each member is estopped by the authorized act
of the one to say that it was not a partnership act or is
not entitled to the faith and credit of which the instru-
ment on its face gives assurance. And on the authori-
ties noted first above the fact that the other partner is
a married woman is immaterial.

The present bill so far as it seeks to redeem a part
of the land embraced in complainant's mortgage from
the sale made under the prior and superior mortgage at
which respondent West purchased is without equity,
and the proof makes no case for equitable relief in this
connection even had the bill been properly framed. The
effort is to exercise the *statutory right* of redemption
after foreclosure, and not to effectuate the *equity* of re-
demption before foreclosure. In such case there must
be a tender of the sum paid at the mortgage sale with
ten per cent *per annum* thereon and all lawful charges
and a refusal thereof, or a sufficient excuse for not mak-
ing such tender must be averred and proved, as, for in-
stance, that the purchaser resides out of the State, *and*
the necessary amount to effect redemption must be paid
into court on the filing of the bill, and the bill must fur-
ther offer to abide the decree of the court. A tender re-
fused will no more justify a failure to pay the amount
of it into court than will a failure to make tender for
good reason shown. There must be tender and refusal,
or in lieu a good excuse for not making tender, *and,* in

[Anderson *et al.* v. English & Webb.]

either case, payment of the amount into court on bill filed, *and* a readiness to abide the decree; and all these things must be averred and proved. The cases of *Beebe v. Buxton,* 99 Ala. 117 and *Beatty v. Brown,* 101 Ala. 695, are not at all opposed to this view, and the case of *Murphree v. Summerlin,* 114 Ala. 54, directly supports it. In the case at bar there was a tender and a refusal of it alleged and proved, and the bill offers to do and perform whatever decree shall be rendered and specially to pay whatever sum shall be found necessary to redeem; but there is no averment that the redemption money is paid into court, and it was not in fact paid into court. The chancery court erred therefore in decreeing redemption, and for that its decree must be reversed. We might affirm the decree in other respects, perhaps, but deem it best to remand the whole case to the court below.

Reversed and remanded.