# Prichard v. Sweeney.

*Action to Recover Money Paid under Protest on Redemption of Land.*

1. *Rulings on pleadings not reviewable on appeal after voluntary non-suit.*—The statute (Code, § 2759) authorizing a plaintiff who suffers a non-suit, in consequence of adverse rulings of the court, to reserve such rulings for decision of the Supreme Court by bill of exceptions, relates exclusively to rulings of the court which can properly be in-troduced into the record only by a bill of exceptions; and where such non-suit is suffered, rulings of the trial court on the pleadings are not open for review on appeal.

2. *Count for money had and received; by what evidence supported.*—A

[Prichard v. Sweeney.]

count for money had and received may be supported by evidence that the defendant has obtained money from the plaintiff "by duress, extortion, imposition, or taking any undue advantage of his situation."

3. *Redemption of land from foreclosure sale; arbitration to ascertain value of permanent improvements; failure to comply with statute.*—Where the plaintiff, seeking to redeem from the defendant land sold under a decree of foreclosure, and not agreeing with the defendant upon the value of permanent improvements made, proposed an arbitration to ascertain, after redemption by payment of the amount demanded by the defendant, whether the compensation received was excessive, and how much money, if any, should be restored to the plaintiff, the arbitration proposed was not such an one as the statute (Code, § 1889) contemplates, and the defendant did not forfeit or lose the right to compensation for the improvements by refusing to nominate a referee (Code, § 1890) for the arbitration proposed, though the plaintiff may have delayed the redemption until an arbitration in conformity with the statute was not practicable.

4. *Same; when money paid under protest is not recoverable.*—A person seeking to redeem land under the statute is bound to pay the value of permanent improvements as claimed by the person from whom the redemption is sought, unless he demands the arbitration for which the statute (Code, §§ 1889–1890) makes provision; and if, without demanding such arbitration, with full knowledge of the facts, he pays, under protest, more than the fair, reasonable value of the improvements, such payment is not involuntary or compulsory, and the amount so paid cannot be recovered back.

5. *Error without injury in sustaining objections to evidence.*—Where the trial court erroneously sustained objections to the relevancy or admissibility of evidence offered by the plaintiff, such ruling is error without injury, where, if the evidence had been admitted, it would have been the duty of the court to sustain a demurrer to it, or, on request, to have instructed the jury that it would not support a recovery.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was an action by Cleveland Prichard against Patrick Sweeney. The opinion sufficiently describes the complaint. The court sustained a demurrer to the first count. Upon the court's sustaining objections by the defendant to the evidence offered by the plaintiff, tending to show the facts upon which he relied for a recovery, the plaintiff took a non-suit, with a bill of exceptions. From the judgment rendered in favor of the defendant the plaintiff appeals, and assigns as errors the ruling of the court in sustaining the demurrer to the first count of

the complaint and the rulings on the evidence to which exceptions were reserved.

FREDERICK G. BROMBERG, for appellant.—The offered evidence, if admitted, would have shown that appellant made a sufficient tender for payment for improvements made by appellee.—*Posey v. Pressley*, 60 Ala. 250.

Appellee's forfeiture of all claim for payment for improvements was absolute.—Code, § 1889 ; *Steele v. Hanna*, 91 Ala. 190 ; 8 Am. & Eng. Ency. of Law, 443. The appellee, having refused the tender and rejected the demand for arbitration, cannot escape the consequences of forfeiture, which attached August 31, 1892.

If the appellant is not entitled to recover the whole amount paid by him to the appellee for improvements, as a forfeiture under the statute, he is at least entitled to recover so much as he paid over and above the true value of the improvements made by the appellee, and for damages done to the property by appellee.—*Rutherford v. McIvor*, 21 Ala. 750 ; *Jasper Trust Co. v. Kansas City, M. & B. R. Co.*, 99 Ala. 425 ; *Young v. Lehman*, 63 Ala. 522 ; *Pendry v. Bundidge*, 57 Ala. 575 ; *Youngblood v. Youngblood*, 54 Ala. 588.

R. P. DESHON, *contra*.

BRICKELL, C. J.—1. Originally, a plaintiff voluntarily taking a non-suit could not maintain a writ of error or appeal, however erroneous may have been the rulings of the court, or the proceedings prior to the non-suit ; and this for the reason that a final judgment only would support a writ of error or an appeal. The present statute authorizes a plaintiff submitting to a non-suit, in consequence of adverse rulings of the court, to revise such rulings on appeal, if to them exceptions be reserved.—Code, § 2759. The uniform construction of the statute has been that it relates exclusively to rulings of the court which can properly be introduced into the record only by a bill of exceptions. The rulings of the court on the pleadings, which necessarily form part of the record, are not within the purview of the statute. *Palmer v. Bice*, 28 Ala. 430 ; 3 Brick. Dig. 678, § 5. Of consequence, the assignments of error drawing in ques-

[Prichard v. Sweeney.]

tion the rulings of the court on the demurrer to the complaint are not now open for review.

2. The demurrer was not directed to the entire complaint, but only to the special count. The common counts remained, and on them the trial was had. The evidence which was rejected, and the rejection of which forms the matter of the bill of exceptions, if relevant, had a tendency to support only the count for money had and received. The count may be supported by evidence that the defendant has money which, *ex aequo et bono*, belongs to the plaintiff; or, in view of the tendencies of the rejected evidence, to state the proposition less generally, that the defendant has obtained money from the plaintiff "by *duress, extortion, imposition*, or taking any undue advantage of his situation."—2 Green. Ev., § 121.

A summary of the facts the rejected evidence was intended to show is that on the 1st day of September, 1890, at a sale under a decree of the Court of Chancery foreclosing a mortgage on lands executed by the plaintiff, the defendant became the purchaser, received a conveyance, and entered into possession. During his possession he made permanent improvements, a statement of the value of which he had, prior to 31st August, 1892, rendered to the plaintiff; or rather by his counsel been furnished to the counsel of plaintiff, on request. On the 31st August, 1892, the plaintiff tendered to the defendant, for the purpose of the statutory redemption of the lands, the purchase money he had paid, with ten per cent. per annum thereon, and all other lawful charges, accompanied by a notice in writing, that he deemed the value of the improvements, as claimed by the defendant, excessive; that payment of it was made under protest; and that he demanded an arbitration to ascertain the value of the improvements, and nominated a particular person as a referee on his part. The defendant postponed receiving the money tendered on that day, saying he had made other improvements since the statement furnished the plaintiff; and that on the next day he would be in the city of Mobile and attend to the matter of redemption. On the next day, a statement in writing of the value of the improvements as claimed by the defendant was furnished the counsel for the plaintiff, including also a statement of the other sums necessary to a redemption, accompanied with the statement that the defendant would not consider any offer to redeem unless a

tender was made according to law. Thereafter, the plaintiff paid the sum demanded, and the defendant executed to him a conveyance of the lands. The evidence further tended to show that the sum demanded and received as the value of the improvements was greatly in excess of their reasonable value.

4. A party proposing to redeem, under the statute, lands which have been sold under execution, or under a decree of the Court of Chancery, is required to pay, or tender payment, not only of the purchase money, with ten per cent. per annum thereon, but *all other lawful charges*, and of these charges is the value of all permanent improvements put on the premises by the party in possession, after the title was acquired by the preceding sale. If the parties cannot agree on the value of the improvements, "each must appoint a referee to ascertain the value thereof, who, if they cannot agree, must appoint an umpire, and they must make their award within three days, which is final between the parties."—Code, § 1889. If the party proposing to redeem declines to nominate a referee, he must pay the value put upon the improvements by the person in possession ; if the latter refuse, after the appointment by the former, to make an appointment of a referee, he forfeits all claim to compensation for such improvements.—Code, § 1890. The right to redeem is statutory, and the party proposing to exercise it must pursue the statute. There are no equivalents or substitutes for its requirements. The value of permanent improvements, made during the time the estate is burdened with the right of redemption, must be paid by the parties proposing to redeem. The purpose of the statute, in this respect, cannot be mistaken. It is intended to prevent litigation as to the value of the improvements, delaying redemption, or incumbering the title of the purchaser with inchoate, or imperfect claims to redeem, until the value of the improvements may be ascertained and settled by litigation in the courts.—*Posey v. Pressley*, 60 Ala. 243 ; *Cramer v. Watson*, 73 Ala. 127. The purchaser, or whoever may have succeeded to the possession, has the more accurate information of the character and value of the improvements, if any have been made ; and it is his duty, on request, to furnish the party offering to redeem information of the character and value of such improvements. When the information

is given, if the party proposing to redeem is unwilling to pay the value as claimed, he is entitled to demand an arbitration to ascertain the value, and of the demand he must give notice, and nominate or appoint a referee on his part. If he does not make the demand,and give the notice and appoint a referee, he must pay the claimed value of the improvements. When the demand is made, the notice given,and the referee nominated or appointed, if the party claiming the value of the improvements refuses to appoint a referee, he forfeits his claim to compensation. If there is an arbitration, the referees must make their award, within three days,which, when made, is final and conclusive. These are the requirements of the statute, and for them there can be no equivalent or substitutes ; there must be strict,if not literal. compliance with them.—*Spoor v. Phillips*, 27 Ala. 193 ; *Otis v. McMillan*, 70 Ala. 46 ; *Cooper v. Hornsby*, 71 Ala. 62 ; *Seals v. Pheiffer*, 77 Ala. 278 ; *Powers v. Andrews*, 84 Ala. 289. The value of the improvements is as essential a part of the sum necessary to redeem as the purchase money. It must be paid, or the right to it lost at the time of the offer to redeem, or at the time redemption is affected. The statute does not authorize a partial redemption ; nor does it contemplate a redemption leaving the value of the improvements in abeyance,the subject of future litigation. There was no duty resting on the defendant to accept the money tendered or offered on the 31st day of August, 1892, which included the value of the improvements as he claimed it when he furnished the statement of them at a former time, accept it under the protest of the plaintiff, and nominate or appoint a referee to ascertain the value at some time in the future. If there had been positive refusal to nominate the referee,the right to compensation for the improvements would not have been lost. The arbitration proposed was not that which the statute contemplated, which has in it an element of compulsion; it would not have been an arbitration to ascertain the compensation for improvements the defendant was entitled to receive, payment of which was a condition precedent to a full, effective redemption by the plaintiff; but an arbitration to ascertain, after the redemption had been affected,whether the compensation he had received was excessive, and how much money, if any, should be restored to the plaintiff. Such an arbit-

[Prichard v. Sweeney.]

ration the parties may, by mutual agreement, submit to, and the award would bind them. But it is not the arbitration to which the statute refers; to which the statute requires submission, or a waiver of the matter of controversy, and of the right it involves. The present action is not, therefore, maintainable on the theory pressed in the argument, that the defendant had forfeited or lost the right to compensation for the improvements. The forfeiture or loss could result only, in the event or exigency the statute prescribes, that he disregarded the duty the statute imposes. It was the value of *all permanent improvements* made by the defendant the plaintiff was bound to pay, whether the improvements were made prior or subsequent to the statement which had been furnished him. For subsequent improvements the defendant made claim, and the plaintiff expressed a willingness to pay for them, but demanded that the defendant accept payment of the value of the improvements as he claimed it to be, with an acknowledgment of liability to repay, if, on an arbitration, the payment was excessive. If there had been positive refusal of the proposed arbitration, the event or exigency prescribed by the statute, working a forfeiture or loss of compensation for improvements, could not be said to have happened. For forfeitures or losses of this character of statutory rights—result only from strict observance of, or strict obedience to, the statute creating them. The plaintiff had no right to the arbitration he demanded, and the defendent was under no duty to submit or accede to it. The plaintiff may have delayed redemption until an arbitration in conformity to the statute was not practicable. The delay may have been his misfortune, but for it the statute makes no provision, and it cannot be permitted to work injury to the defendant.

5. The principle is general that money voluntarily paid, on a demand as of right, with full knowledge of the facts, in the absence of fraud or imposition, cannot be reclaimed in law or equity.—18 Am. & Eng. Ency. of Law, 214; *Trustees v. Keller*, 1 Ala. 406; *Town Council v. Burnett*, 34 Ala. 400; *Raisler v. Mayor*, 66 Ala. 194. The payment may be made under protest, but the mere fact of the protest will not render it involuntary; there must be fraud or imposition, or coercion in fact or in law, to convert it into an involuntary or compulsory

42

[Prichard v. Sweeney.]

payment.—18 Am. &. Eng. Ency. of Law, 214; *Lamborn v. County*, 97 U. S. 181; *Railroad Co. v. Commissioners*, 98 U. S. 541; *Bucknall v. Story*, 46 Cal. 589; s. c. 13 Am. Rep. 220; *Peysey v. Mayor*, 70 N. Y. 497; s. c. 26 Amer. Rep. 624. In *Lamborn v. County, and Railroad v. Commissioners, supra*, the Supreme Court of the United States adopts this rule as it is stated by the Supreme Court of Kansas: "When a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and cannot be recovered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." In *Fleetwood v. City of New York*, 2 Sandford Sup. Ct. 481, it was said by Sandford, J.; "When a party pays under duress of his goods, a protest may become important as evidence that the payment was the effect of the duress, and not an admission of the right, enforced by the adverse party. But where there is no legal compulsion, a party yielding to the assertion of an adverse claim, cannot detract from the force of his concession, by saying, I object or I protest, at the same time that he actually pays the claim. The payment nullifies the protest as effectually as it obviates the previous denial and contestation of the claim." The compensation for the improvements as claimed by the defendant was paid by the plaintiff with full knowledge of all the facts on which he now claims a recovery. There was no fraud or imposition. If the protest which was made on the preceding day, when there was a tender of payment, could be referred to the actual payment on the succeeding day, made without objection or dissent, it would not detract from or obviate the force of the payment. In the language just quoted, the payment nullified the protest as effectually as it obviated the previous denial and contestation of the claim.

Money may be wrongfully exacted as a condition upon which there is a delivery of goods, or the surrender of the possession of lands, wrongfully withheld, to which the party receiving it is without right. Such a payment is involuntary or compulsory—it is made under

[Prichard v. Sweeney.]

duress or coercion in fact, and may be reclaimed.—6 Am. & Eng. Ency. 74. But there is no fact or element in the evidence rejected which would draw this case within the influence of that rule. The primary, controlling element of the rule, is, that the party receiving the money was without right to demand its payment as the condition upon which he would make delivery of the goods, or surrender the possession of the lands. The defendant was entitled to compensation for the improvements ; he was under no duty to part with the possession of the premises, or make title to them, until the compensation was paid. And the plaintiff was bound to pay the value claimed by the defendant, unless he demanded the arbitration for which the statute makes provision ; and, as we have seen, this was not the arbitration which was demanded. The primary, controlling element of the rule to which we are referring is wanting—it is not true—that the defendant had not the right to demand and receive the money which was paid, as the condition upon which he would part with possession and title to the premises. The statute confers the right, and if, in its exercise, the plaintiff was compelled to pay more than the fair, reasonable value of the improvements, it was not legal compulsion. The payment of his own volition, not from any coercion, or stress of necessity, the creation of the defendant.

It may be, the more appropriate method of testing the sufficiency of the rejected evidence to support a recovery would have been a demurrer to it, after its introduction or the request of an instruction that it would not authorize a recovery, rather than objections to its relevancy or admissibility. Sustaining the objections, if erroneous, was not of injury to the plaintiff, for if the evidence had been admitted, it would have been a duty to sustain a demurrer to it, or, on request, to have instructed the jury that it would not support a recovery.

Let the judgment be affirmed.