# Alabama Mineral Land Co. v. Baker.

## *Statutory Action of Ejectment.*

1. *Judicial sale of lands, record must show that the owner was a party.*—In ejectment, where plaintiff relies on a chancery decree and sale, as a part of his chain of title, the record must show that the owner of the lands was a party to the chancery proceedings, else there is a fatal break in plaintiff's chain of title.

2. *Plaintiff must recover on strength of his own title.*—In ejectment, the plaintiff must recover on the strength of his own title, and if his title is not sufficient to support the action, and the defendant does not stand in a relation which estops him from denying plaintiff's title, the action must be defeated.

3. *When rulings on evidence harmless.*—Error in the rulings of the court upon the admission of evidence, when, if the rulings were otherwise, it would still be the duty of the court to give the general affirmative charge for the appellee, is without injury, and no ground of reversal.

APPEAL from Shelby Circuit Court.
Tried before Hon. GEORGE E. BREWER.
The case is stated in the opinion.

J. J. WILLETT and J. L. PETERS, for appellant.

LONGSHORE & BEAVERS, *contra.*

BRICKELL, C. J.—This was a statutory action in the nature of ejectment instituted by appellant to recover of appellee the possession of an eighty-acre tract of land in Shelby county, the land sued for being a part of the lands granted to the State of Alabama by an act of Congress, approved June 3, 1856, entitled "An Act granting public lands in alternate sections to the State of Alabama to aid in the construction of certain railroads in said State." In support of his title plaintiff offered in evidence, as shown by the bill of exceptions: 1. The act of Congress, above referred to. 2. An act of Congress, approved May 23, 1872, entitled "An act relating to certain lands in the State of Alabama;" 3. An act of the General Assembly of Alabama, approved

February 10, 1876, entitled "An act to execute the power of disposal of the lands granted by" the act of Congress June 3, 1856. 4. A certified transcript from the general land office showing that the lands sued for were a part of the lands granted to the State of Alabama by said act of Congress. 5. A certified transcript from the general land office which, together with the act of the General Assembly of Alabama, approved February 10, 1876, above mentioned, showed that on February 6, 1884, the title of the land sued for became vested in the Selma, Rome & Dalton Railroad Co. The bill of exceptions recites that plaintiff then offered in evidence a "certified transcript from the chancery court of Dallas County, Alabama, of a proceeding in the case of *Johnson and Stewart, trutees, v. Meyer, et al.,* pending in that court, showing sale of these lands sued for in this cause under decree in said cause in said chancery court, and purchase of same by Edmund D. Randolph and John L. Cadwalader, the report of sale and payment of purchase money, confirmation of sale and order to make deed to purchaser." The only other evidence of title offered by plaintiff was a deed from the register in chancery to said Randolph and Cadwalader, and a deed from the latter to plaintiff. The decree in the case of *Johnson and Stewart, trustees, v. Meyer et al.* is not set out in the record, nor does anything appear in the record to show that the Selma, Rome & Dalton Railroad Co., in which the title to said land is shown to have been vested, was a party to said cause, or to connect any of the parties thereto in any manner with the title to the land sued for. There was, therefore, a fatal break in plaintiff's chain of title. the evidence failing to show that title has ever been divested out of said railroad company. In ejectment the plaintiff must recover on the strength of his own title, and if his title is not sufficient to support the action, and the defendant does not stand in a relation which estops him from denying plaintiff's title, the action must be defeated.—3 Brick. Dig. 325. The defendant occupied no such relation towards the plaintiff in this action, and therefore, upon all the evidence, as presented in the record, the general charge in favor of the defendant was properly given. It is unnecessary to consider the other assignments of error, which relate to the overruling of objections to evidence made by appellant, since, if the

objections had been sustained, it would still have been the duty of the court to give the general charge in favor of appellee, and hence, if there was any error in these rulings, it was without injury, and therefore not ground of reversal.—*Prichard v. Sweeney*, 109 Ala. 659.

Affirmed.