# Harden v. Collins.

*Action of Unlawful Detainer.*

1. *Foreclosure of mortgage; executed by tenants in common; demand for possession must be made upon each of the co-tenants.* Where land owned by two persons as tenants in common is mortgaged and said mortgage is foreclosed, a demand for possession by the purchaser at the foreclosure sale, the refusal of which will destroy the right of redemption, must be made upon each of the tenants in common; and a demand upon one

[Harden v. Collins.]

tenant in common is not such a demand upon the other in this connection, as imposes a duty upon her other co-tenant of surrendering possession; and it is of no consequence that the tenant in common upon whom the demand is made happens to be the husband of the tenant upon whom no demand is made.

2. *Foreclosure of mortgage; executed by tenants in common; right of redemption.*—Where a mortgage upon land executed by tenants in common is foreclosed, the right of one of the tenants in common to redeem from the purchaser upon the payment or tender to such purchaser of the full amount paid by him at the foreclosure sale and 10 per cent per annum thereon together with all lawful charges, is not affected or destroyed by reason of the fact that the other tenant in common refused to surrender possession of said land demanded by the purchaser, if no demand for possession was made by the purchaser upon the co-tenant seeking to redeem.

3. *Redemption by one tenant in common; right extends to land in its entirety.*—Where land has been sold under a mortgage executed by two tenants in common, either one of them may exercise the statutory right of redemption; and this right to redeem extends to the land in its entirety, and not merely an undivided interest therein.

4. *Statutory right of redemption; sufficiency of tender; unlawful detainer.*—If, after a sale under a mortgage executed by two tenants in common, one of the tenants in common having the right to redeem, offers to pay to the purchaser the full amount paid by him at the foreclosure sale and ten per cent per annum thereon, together with all lawful charges, offering to leave the ascertainment of the amount of the lawful charges, including the value of the purchaser's permanent improvements upon the land to disinterested parties, and the purchaser declines such proposition absolutely, such tender is sufficient under the statute, (Code, § 3507) to vest the title to the lands in the tenant in common so offering to redeem, in such sort as to entitle her to recover possession of said property.

5. *Same; same.*—Where, after land is sold under a mortgage, a mortgagor tenders to the purchaser the amount paid by him with ten per cent per annum thereon and all lawful charges, including permanent improvements, and offers to leave the ascertainment thereof to disinterested parties and pay the amount found by them, if the defendant would pay rent for the land at a stipulated price: such tender is insufficient and inefficacious to invest the title in the mortgagor seeking to redeem.

[Harden v. Collins.]

6. *Statutory right of redemption; unlawful detainer; charge of court to jury.*—In an action of unlawful detainer by a mortgagor against the purchaser at a foreclosure sale where the issue tried was whether or not the tender made by the plaintiff and refused by the defendant was sufficient to invest the title in the plaintiff, if the evidence was in conflict as to whether or not the tender was accompanied with a condition as to the payment of lawful charges including permanent improvements, and it was a matter of inference and deduction by the jury from the evidence as to whether there was a positive offer to pay such lawful charges, it is error for the court to instruct the jury either that the offer to pay for the improvements was not conditional, or that it was sufficient, though it was conditional.

7. *Mortgage; purchaser at mortgage sale can not deny mortgagor's original estate in land.*—The purchaser of land at a foreclosure sale under a mortgage, holding under the mortgagor, can not deny the mortgagor's original estate in the land in an action of unlawful detainer brought by such mortgagor against him.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. A. H. ALSTON.

This was an action of unlawful detainer, brought by the appellee, Mary E. Collins, against the appellant, G. W. Hardin, to recover the posession of certain lands described in the complaint. As stated in the opinion, the cause was removed on the defendant's petition into the circuit court for the trial of title to the land involved in the suit, as provided by statute. In the circuit court the cause was tried upon issue joined on the plea of the general issue.

On the trial of the case, the plaintiff introduced in evidence a deed from W. C. Morrell and defendant to J. H. Collins and Mary A. Collins, the plaintiff, conveying the lands involved in the controversy.

There was evidence introduced tending to show that under this deed she and her husband, J. H. Collins, went into possession of said lands, and at the time of the execution of said deed she and said J. H. Collins executed a mortgage upon said lands to W. C. Norrell; that this mortgage was foreclosed and at the foreclosure sale G. W. Harden became the purchaser of said land and re-

ceived a deed thereto from said W. C. Norrell. The plaintiff introduced evidence tending to show that said purchaser, the defendant in the present suit, never made a demand upon her for the posession of said land; that he did make demand upon her husband; that after said purchase, the plaintiff tendered to the said Harden the purchase price together with ten per cent. damages and also offered to pay him all lawful charges which included the permanent improvements made upon said property by said Harden; but that said Harden refused to accept the tender and declined to fix a value or to agree upon disinterested parties fixing a value upon the improvements made. This evidence is sufficiently stated in the opinion.

The defendant introduced evidence tending to show that he made a demand upon both the plaintiff and her husband, J. H. Collins, for the possession of the land after he had purchased the same at the foreclosure sale, and that each of them refused to surrender possession; that the plaintiff never made a tender to the defendant of the purchase price paid by him at the foreclosure sale, together with ten per cent. damages, and all lawful charges; that the only offer to pay lawful charges, which included permanent improvements he had made upon the land, was made upon a condition, which is stated in the opinion. There was also evidence introduced tending to show that at the time of the execution of the deed from W. C. Norrell and wife to J. H. Collins, the name of the plaintiff Mary A. Collins was not in said deed, but was written in the deed after its delivery.

The plaintiff in rebuttal introduced evidence tending to show that her name was written in said deed at the time it was delivered.

The court at the request of the plaintiff gave to the jury the following written charge: "If the jury believe from the evidence that Mrs. Collins had not failed to give possession on demand made, and if they further believe that Mrs. Collins tendered the amount paid by Harden with ten per cent. interest, then they must find for the plaintiff, unless the jury believe from the evidence that the defendant claimed at the time of the tender the taxes he had to pay and Mrs. Collins refused to pay it."

[Harden v. Collins.]

The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe all of the evidence, they must find for the defendant." (2.) "If the jury should find that the plaintiff is entitled to recover in this case, she can only recover a one-half interest in the lands sued for." (3.) "If the deed from Norrell to Collins was executed and delivered to J. H. Collins when only the name of J. H. Collins was in the same as grantee, the subsequent adding of the plaintiff's name in the deed would not pass any title, and the plaintiff could not recover in this action." (5.) "Before the plaintiff in this case can recover, she must show to the reasonable satisfaction of the jury that she tendered to the defendant the full amount due on the mortgage with ten per cent. per annum, and all lawful charges of which lawful charges the taxes on the lands are one."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. M. CHILTON and FELIX L. SMITH, for appellant.— Under the statute one seeking to redeem from the purchaser at a foreclosure sale under a mortgage must show that he delivered the lands to the purchaser within ten days after demand made, and must tender the purchase money with ten per cent. per annum thereon and all lawful charges.—*Nelms v. Kennon*, 88 Ala. 329; *Aycock v. Adler*, 87 Ala. 190; *Vick v. Beverly*, 112 Ala. 458; *Butter v. Hanner*, 103 Ala. 481.

The wife, as a mortgagor, can not recover when she and her husband are both mortgagors and the husband refuses to deliver possession. All the tenants in common must yield posession.—*Nelms v. Kennon*, 88 Ala. 329.

W. M. LACKEY and JOHN W. BATSON, for appellee.

McCLELLAN, C. J.—Action of unlawful detainer brought by M. A. Collins against Harden before a justice of the peace, and removed on defendant's petition into the circuit court, under the provisions of sections 2147-8

of the Code. By the terms of section 2149 the case was determinable in the circuit court on the inquiry of title *vel non* of the plaintiff. If the plaintiff had the right to redeem and before suit brought had made a sufficient tender for that purpose to the defendant, title to the land was vested in her by the force of section 3507 of the Code, and upon that title she was entitled to recover. If she did not fail for ten days after demand upon her to surrender possesion to the purchaser at the foreclosure sale, the defendant, she did have the right to redeem, though her tenant in common and joint mortgagor did fail and refuse to surrender possession for ten days after demand upon him. A demand upon one tenant in common is not a demand upon the other in this connection, and imposes no duty of surrendering possession upon such other. And it is not of consequence that the tenant in common upon whom the demand is made happens to be the husband of the tenant upon whom nō demand is made. If the land belonged solely and severally to the husband and the mortgage was executed by him as sole grantor, it would be his duty under section 3506 of the Code, upon demand for possession to remove his family, including, of course, his wife, from the premises within the prescribed period, (*Nelms v. Kennon*, 88 Ala. 329) ; but the fact that his tenant in common is his wife, gives him no power over her as a tenant in common, and neither his acts nor his omissions can effect her estate in the land nor her rights under the statute after foreclosure of a mortgage executed upon it by him and her as grantors. If, as there is a tendency of the evidence to show, no demand for possession was made upon her, she was in no default nor lost her right to redeem by failing for any length of time to deliver possession to the purchaser, and her right of redemption, if it existed at all, was the right to redeem the land in its entirety , not merely her undivided interest in it.—*Lehman, Durr & Co. v. Moore*, 93 Ala. 186. Assuming, as the jury had a right to find, that the plaintiff had a right to redeem, was her effort to that end efficacious? Was her tender sufficient? It is alleged, and the evidence, without conflict, proves, that she tendered the purchaser the full

[Harden v. Collins.]

amount bid and paid by him at the foreclosure sale and ten per cent. per annum thereon. It is also alleged that she offered to pay him in addition to this all lawful charges. Plaintiff's evidence tends to support this averment in substance. It goes to show that she offered to leave the ascertainment of the amount of lawful charges, that is in this instance, the value of defendant's permanent improvements upon the land, to disinterested parties, and to pay the amount ascertained by them, and that defendant declined the proposition absolutely. This flat declination of the purchaser rendered it unnecessary for the plaintiff to appoint a referee to ascertain the value of the permanent improvements, as such appointment would have been a vain and useless thing to do; and if the facts were, as this evidence tends to show them to be, in our opinion, the tender was sufficient and operated a revestiture of the title in the plaintiff, with no liability on her in respect of permanent improvements. But, on the other hand, the evidence for the defendant went to show that the only offer made by or on behalf of the plaintiff as to paying for permanent improvements, was to this effect: That if the defendant would pay three dollars per acre rent for the land, the plaintiff would leave the ascertainment of the permanent improvements to disinterested persons, and pay the amount found by them. There is no warrant in the statute for such a conditional offer. The plaintiff had no right to inject such a condition into the tender or offer, and with it injected the purchaser was under no duty to accept the tender and offer.—*Prichard v. Sweeney,* 109 Ala. 651. If the facts were in line with this evidence the tender was insufficient and inefficacious to invest title in the plaintiff. The jury had a right to find these to be the facts, and they should have been allowed to exercise it. The charge given at the request of the plaintiff invaded their province and took from them this right. It was equivalent to a declaration by the court, either that the offer to pay for improvements was not conditional or that it was sufficient though conditional. Moreover, even laying the defendant's evidence in this connection to one side, it was a matter of inference and deduction by the jury from plaintiff's evidence that she offered to pay

the value of the permanent improvements—there was no positive evidence to that effect—and the charge should have left the question open before the jury even had there been no evidence as to the offer, if the jury found an offer to have been made, being coupled with an unwarranted condition. The court erred in giving the charge.

The defendant holding through the mortgage executed by the plaintiff as a grantor and not merely as the wife of a grantor, was in no position to deny her original estate in the land. Charge 3 requested by defendant was properly refused.

What we have said above will sufficiently indicate the ground of our conclusion, that the other charges requested by the defendant were well refused. The defendant should have been allowed to prove that permanent improvements of value had been made by him. It is unnecessary to discuss the other rulings on the admissibility of the evidence. So far as they may be at all questionable, they are clearly innocuous. They involved no prejudice to the defendant.

Reversed and remanded.