# Francis *et al. v.* White, Admr.

*Bill in Equity to Redeem Lands sold under Execution.*

1. *Redemption; right personal, and will be as required by statute.* The right of redemption, as given by the Statute, is a personal privilege, and in order for one to avail himself thereof, it must be shown that he has not failed to do what the law requires in order to invest himself with the right which he seeks to enforce; or he must show some valid reason for his failure therein in any particular.

2. *Redemption; tender of purchase money and lawful charges; excused when purchaser absent from the State.*—Where one seeks to exercise the right of statutory redemption, and the purchaser at the mortgage or execution sale is absent from the State, a tender, to be sufficient to authorize the maintenance of a bill in equity for redemption, must be made by a deposit of the money in court upon the filing of the bill; and the

absence of the purchaser or his vendee from the State excuses
the tender in person and authorizes the filing of the bill.

3. *Same; when failure to deliver possession no bar to redemption.*
Where property is purchased at a foreclosure sale of a mort-
gage, or under an execution levied thereon, and the purchaser
at said sale makes no demand for the possession of the prop-
erty, such failure to demand possession constitutes a valid
reason for former owner failing to deliver possession to the
purchaser; and, under such circumstances, the failure to de-
liver possession constitutes no bar to the exercise of the right
to statutory redemption.

4. *Bill to redeem; when statutory requirements sufficiently com-
plied with.*—In a bill filed to redeem lands from a sale under
an execution, where it is averred that the purchaser has ab-
sented himself from the State, that the complainant has made
diligent inquiry to ascertain his post office address, has re-
peatedly written to him asking for an account of the lawful
charges claimed by him to have been paid, has requested his
vendees to inform him what lawful charges are claimed by
them; and that the original purchaser and his vendees has
each refused to give any information; and that the complain-
ant has made diligent inquiry as to the lawful charges, and
has paid into court the amount of all lawful charges he has
been able to ascertain, and offers to pay all other lawful
charges which may be ascertained by the court: such aver-
ments show a sufficient excuse for failure of the complainant
to pay the lawful charges, and authorize the maintenance of a
bill to redeem.

5. *Bill to redeem; sufficiency of averments as to tender of lawful
charges.*—On a bill to redeem property sold under execution,
where it is averred that the complainant has ascertained that
the purchaser at said sale had paid  designated amount as a
tax levied by the city wherein the property was located, which
said amount "is herewith tendered and offered to said defend-
ant, as well as the further sum of $41.76, legal interest on the
amount of said assessment," such averment of tender is not
sufficient: in that, it fails to aver that the amount is paid into
court—it appearing that the purchaser is absent from the State.

6. *Statutory right of redemption; where lands are purchased by
several parties, tender not required to be made to each of the
purchasers.*—Where property is sold under execution, and the
purchaser at said sale subsequently sells separate portions of
said property to two or more other parties, in order for the
original owner to redeem the lands so sold, it is not necessary
that he should make a tender of the purchase price, together
with the other charges fixed by the Statute, to the original

purchaser and each of his vendees; but, under such circumstances, the defendant, by redemption, can come into equity by paying into Court the money which the law requires, and ask the Court to distribute it to the parties according to their respective interests and rights, and offer to do and pay whatever more additional thereto may be just and equitable; and upon such averments and offer, he can maintain a bill to redeem.

7. *A bill to redeem; sufficiency of offer to pay for execution of deed.* Where a bill is filed in a court of equity seeking to redeem lands sold under execution, and the complainant offers to pay all lawful charges, and asks for information as to their amount, the cost of executing a deed will be considered as included in complainant's offer to do equity.

APPEAL from the Chancery Court of Morgan County. Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, R. B. White, as the administrator of the estate of C. C. Sheats, deceased, against the appellants, W. R. Francis, Foster H. Pointer and Nelson Campbell, for the purpose of exercising the statutory right of redemption of certain lands.

It was averred in the bill that executions were issued against the said C. C. Sheats, and were levied upon certain specifically described lands; that said lands were sold under said execution, and the said W. R. Francis became the purchaser thereof, and the sheriff executed a deed to said Francis for said lands. The sixth paragraph of said bill relating to the possession of said lands by said Sheats is copied in the opinion.

It was then averred in the bill that the said Francis had made no improvements on said lands, so far as the complainant knew; that the complainant had written to the defendant Francis making inquiry as to the value of any improvements that he may have made upon said lands, and was willing to pay therefor, and offered in his bill to do so; that complainant had had no opportunity to treat with defendant Francis as to such improvements except by correspondence, and that defendant Francis had failed to answer complainant's letters; that complainant had been unable to make a tender to said Francis of the amount paid by him for said lands at said exe-

cution sale, and ten per cent. per annum thereon since said sale, together with all lawful charges, for the reason that the said Francis had been absent from the State for a number of months after said purchase, and, before going, had stated his intention of remaining away until after a certain designated time, which was after the expiration of the time allowed the complainant to redeem said property from under the execution sale; that the complainant has written to the defendant Francis repeatedly since his departure relative to his purpose to redeem said lands, and has addressed his letters, postage prepaid, to said Francis to the post office address where he had gone, but has received no reply.

The bill then contains the following averment:

"The complainant hereby offers, tenders, and pays into court for the defendant, Francis, the sum of Two Hundred and Eighty-Three and 35-100 Dollars, the amount of defendant Francis' purchase at said execution sale, and the further sum of Fifty-six and 67-100 Dollars, being ten per cent interest on the amount paid by the defendant for said lands for two years, as well as the sum of One Hundred and Twenty-Five and 25-100 Dollars, taxes paid, as far as complainant can ascertain, by defendant, on said lands since his purchase thereof, also Thirteen and 20-100 Dollars interest on same.

"Complainant has by diligent inquiry ascertained that said defendant, Francis, has paid to the City of Decatur, Alabama, on the *pro rata* of part of said property, of the special assessment levied by the city authorities on the property of said town, the sum of Three Hundred and Ten and 43-100 Dollars, which is herewith tendered and offered to said defendant, as well as the further sum of Forty-One and 76-100 Dollars, legal interest on the amount of said assessment."

The bill, then continuing, avers that the complainant has diligently inquired and searched for information respecting the amount of lawful charges against said property held by the defendant, Francis, but has been unable to ascertain them; that he is ready, able and willing to pay all lawful charges which the defendant has or holds against said lands, and submits himself to the jurisdiction of the Court; and further avers that he has been un-

38c

[Francis *et al.* v. White, Admr.]

able to ascertain the correct amount of lawful charges claimed by said defendant upon said lands, otherwise than has been above stated; and he tenders said amounts, and avers his willingness and readiness to abide the decree of said Court.

It is then averred in the bill, that, subsequent to the purchase of said lands by the said Francis, he sold and conveyed to the defendant, Nelson Campbell, a certain designated portion of said lands, which is specifically described; and that subsequent to said purchase, he sold and conveyed to the defendant, Foster H. Pointer, a certain portion of said lands, which is specifically described that "the sales to said Campbell and Pointer so complicated the apportionment and redemption money as to render necessary a judicial investigation of the relative values of the parcels so conveyed, as compared with the whole; and to adjudicate the part, if any, of the purchase money tendered and paid into Court by the complainant, to be awarded to the said Pointer and the said Campbell on redemption."

It was then averred in the bill that the complainant had ascertained that the defendant, Francis, had paid a designated amount as municipal taxes, which said mount the complainant tendered and paid into Court for the said Francis, as well as the interest thereon.

It was further averred in the bill, that, prior to the filing of the bill, the complainant went to the said Foster H. Pointer and Nelson Campbell, respectively, and offered to pay to each of them, respectively, all lawful charges, the value of all permanent improvements placed by each of them on the property purchased by them of Francis, and inquired and sought to ascertain from each of them the value of the improvements, if any, which either of them had placed upon the respective parcels or portions of the property that he had purchased from the said Francis; and also offered to pay a just and proper proportion of the purchase money bid by said Francis; but that said Pointer and Campbell each peremptorily refused to accept said proposition, and refused to discuss the value of the permanent improvements placed by either of them upon said property, and refused to receive any compensation therefor, and refused to name or claim

any sum for the lawful charges; that, therefore, the complainant offers to pay the value of all permanent improvements, the value of the lawful .charges, and a proper proportion of the purchase money paid by said Francis.

The prayer of the bill was that the complainant be decreed to be entitled to redeem said lands; that the amount necessary to be paid to the defendants, and each of them, be ascertained; and that the defendants be required to accept said sums; and that upon the payment thereof, they be required to execute proper conveyances of their right, title, claim and interest, in and to said lands, to the complainant.

The defendants demurred to the bill, and assigned many grounds of demurrer, which, for convenience of reference in connection with the opinion, are set forth as follows: The 4th, 6th, 7th, 8th, 15th, 16th and 32d, grounds of demurrer, the over-ruling of which constitutes the 4th, 6th, 7th, 8th, 15th, 16th and 27th assignments of error, were as follows: (4.) The complainant does not offer in his bill to pay all lawful charges upon said lands other than those for which tender is made into Court. (6.) The complainant does not tender and bring into Court the money for all lawful charges necessary to be paid before redemption. (7.) The bill does not deny that there were lawful charges other than those described in the bill. (8.) It appears from the bill that the complainant had not tendered into Court the money for all lawful charges held by defendant Francis against said land. (15.) Ignorance upon the part of complainant respecting the amount of lawful charges against said property held by the defendant does not excuse the complainant from tendering into Court, in money, the amount of lawful charges against said property. (16.) The failure or refusal of defendants to inform complainant of the lawful charges on said lands, and the value thereof, is no excuse for the failure of complainant to tender into Court, in money, the value and amount of all of said charges. (32.) The averments of the bill show that there are other lawful charges, known to complainant, against the property sought to be redeemed, for which complainant has not made tender by paying the money into Court.

The 1st, 2d, 28th and 29th grounds of demurrer, the over-ruling of which constitutes the 1st, 2d, 26th and 31st assignments of error, were as follows: (1.) It does not appear from said bill that C. C. Sheats, complainant's intestate, owned any right, title or interest in the lands sought to be redeemed. 2.) The bill does not show what interest the complainant seeks to redeem in the lands described therein. (28.) The averment of the bill fails to show what right, title or interest C. C. Sheats had in the lands sought to be redeemed at the time of the execution sale. (29.) The averment of the bill fails to show what right, title or interest C. C. Sheats had in the lands sought to be redeemed at the time of his death.

The 9th and 10th grounds of demurrer were as follows: (9.) It is not averred in the bill that complainant had no means of ascertaining the value of permanent improvements placed on part of the land, therein described, by Foster H. Pointer. (10.) It is not averred in the bill that complainant had no means of ascertaining the value of permanent improvements placed on a part of the land, therein described, by Nelson Campbell.

The 11th, 12th, 13th and 14th grounds of demurrer, the over-ruling of which constitutes the bases of the 11th, 12th, 13th and 14th assignments of error, were as follows: (11.) It is not averred in said bill that the complainant had no means of ascertaining the existence of all lawful charges against said lands. (12.) The bill fails to allege that complainant had no means of ascertaining the amount due for lawful charges on said lands. (13.) The bill does not show what diligence the complainant had exercised in ascertaining or attempting to ascertain the lawful charges. (14.) The allegation of said bill, that complainant has diligently inquired and searched for information respecting the amount of lawful charges against said property held by the defendant Francis, is a conclusion of the pleader, and no facts are stated showing diligence upon the part of complainant.

The 22d ground of demurrer, the over-ruling of which constitutes the basis of the 22d assignment of error, was as follows: (22.) The bill is not accompanied with the amount of money necessary to defray the expenses of executing titles from the defendants to complainant.

[Francis *et al.* v. White, Admr.]

The defendants also moved to dismiss the bill for want of equity.

Upon the submission of the cause upon the demurrers and motions to dismiss for want of equity, the chancellor over-ruled the demurrers and said motions. From this decree, the defendants appealed, and assigned the rendition thereof as error.

C. C. HARRIS and CALLAHAN & HARRIS, for appellants. "The statute requires that possession of the land must be delivered on demand, in ten days after said sale; that the party seeking to redeem must pay or tender to the purchaser, or his vendee, the purchase money, with ten per cent. per annum thereon, and *all other lawful charges*. The statutory right of redemption is lost if not exercised in the precise mode prescribed by the statute. This is strongly set forth in the following authorities:—"*Bailey, Davis & Co. v. Timberlake,* 74 Ala. 225; *Spooner v. Phillips,* 27 Ala. 197; *Burke v. Brewer,* 32 So. Rep., p. 602; *Beebe v. Buxton,* 99 Ala. 117; *Cramer v. Watson,* 73 Ala. 132; *Oldfield v. Eulert,* 39 Am. St. Rep., p. 765; *Waller v. Harris,* 32 Am. Dec., p. 590; *Ex Parte Bank Monroe,* 42 Am. Dec., p. 61; *Hill v. Walker,* 98 Am. Dec., p. 465; 2 Freeman on Judgments, sec. 314; et seq."

"If the bill does not show that a tender was made before it was filed, a tender made in it is not sufficient to authorize a decree for redemption, unless in connection with such offer, the bill shows a valid and sufficient excuse for the omission to make a tender *before it was filed.*"—*Spoor v. Phillips,* 27 Ala. 197.

In construing the statutes of redemption, this court has repeatedly held that in a bill to redeem, it is necessary to give the court jurisdiction that the necessary amount to effect redemption must be paid into court on the filing of the bill.—*Long v. Slade,* 121 Ala. 271; *Murphree v. Summerlin,* 114 Ala. 57; *Beatty v. Brown,* 101 Ala. 697.

With a studied effort, the complainant avoids stating the interest of his intestate, C. C. Sheats, in the lands sought to be redeemed. Professedly, his right to redeem is the right which was vested in Sheats at the time of his death, and no other. And this bill must affirmatively

show that the complainant has an interest in the subject matter of the suit, and a proper title to institute the particular suit concerning it.—*Goldsby v. Goldsby*, 67 Ala. 562; *Rapier v. Gulf City Paper Co.*, 64 Ala. 340.

It has been said that the purchaser at execution sale may transfer by deed his title, as he may the title to other land; and that after such conveyance, an application to redeem must be made to his vendee, and that the redemption statute contemplates a payment or tender to such vendee.—*Camp v. Simon*, 34 Ala. 126; *Lehman, Durr & Co. v. Collins*, 69 Ala. 131.

The statute has made no provision for the redemption of a part of the property. It has only granted a privilege, and this privilege cannot be enlarged or extended by judicial construction. If the courts can extend one provision, or supply one omission, they can extend or supply any number.—*Powers v. Andrews*, 84 Ala. 293.

E. W. GODBEY, *contra.*—Non-payment into court affects only part of the property, while the demurrer goes to the entire bill.—*Beall v. Lehman*, 110 Ala. 446; *George v. Cen. R. R. & Banking Co.*, 101 Ala. 607; *Richardson v. Dunn*, 79 Ala. 170.

Payment into court is unnecessary when the true amount is unknown.—*Freeman v. Jordan*, 17 Ala. 502; *Aycock v. Adler*, 87 Ala. 192.

In *Pritchard v. Sweeney*, 109 Ala. 651, it was held that the purchaser must disclose to the would-be redemptioner the value of his permanent improvements placed upon the land; and in *Posey v. Pressley*, 60 Ala. 251, it was said that a redemptioner's "duty is performed when his offer clearly indicates his willingness and readiness to pay for such mprovements, and if there is a general offer to redeem, and the right of redemption is denied," the party offering to redeem will be excused from any particular inquiry as to a claim for improvements.

SIMPSON, J.—This is a bill filed by appellee, as administrator of the estate of C. C. Sheats for the purpose of redeeming certain real estate, which was sold under executions, against said Sheats, in his lifetime, the appellant, Francis, being the purchaser, and appellants,

[Francis *et al.* v. White, Admr.]

Pointer and Campbell being purchasers, severally, of portions of said real estate.

The appeal is from the decree of the chancery court overruling the demurrer to the bill, and the motion to dismiss the same for want of equity.

Appellant's brief discusses together assignments of error No. 4, 6, 7, 8, 15, 16 and 27, and is correct in the contention that the complainant's rights depend upon a compliance with statutory requirements in regard to the redemption of real estate. The right of redemption is a personal privilege, and, in order to avail himself of the right, the complainant must show "that he has not failed to do what the law requires, in order to invest him with the right he seeks to enforce," or must show some valid reason for his failure in any particular.—*Bank v. Brewer*, 32 So. Rep, 602; *Henderson v. Hamrick*, 29 So. Rep. 924.

When the purchaser is absent from the State, a tender, to be sufficient, must be made by a deposit of the money in court, on the filing of the bill, and the absence of the purchaser or his vendee from the State excuses the tender in person and authorizes the filing of the bill. *Beebe v. Baxton*, 99 Ala. 117; *Lehman, Durr & Co. v. Col lins*, 127, 132.

The bill alleges that "none of it was in the actual possession of said C. C. Sheats, but such of it as was not bare and vacant and as was susceptible of actual possesion, was in the possession of tenants. If complainant is mistaken in this averment, he avers that no demand has ever been made for possession by the defendant Francis of the said C. C. Sheats, and that, if said C. C. Sheats remained or continued in the possession, he did so, by and with the consent of the defendant Francis."

Where the purchaser made no demand for possession, the failure to demand is a valid reason for failing to deliver possession.—*Baker v. Burdenshaw*, 132 Ala. 166; *Hardin v. Collins*, 35 So. Rep. 357; 138 Ala. 399.

The statute provides the course to pursue if the land is in possession of tenants.—Code, § 3506.

We hold that the averments of the bill were sufficient to dispense with the averment of delivery of possession on demand.

It is insisted that it is the duty of the party, seeking to redeem, to ascertain at his peril what the lawful charges are, and to tender them, and that ignorance of improvements or their value, or of the lawful charges will not excuse him, and in fact nothing will excuse him except the "conduct or agreement of the purchaser," and that these words (used in the case of *Spoor v. Phillips*, 27 Ala. 197) mean that the purchaser must have been guilty of some positively wrongful conduct, or act, such as misinforming the proposed redemptioner, and that the effect of the purchaser leaving the state relieves only from the necessity of making the tender in person, and not from the duty of ascertaining, at his peril, what the lawful charges are. The law does not require impossible things of any one.

The averments of the bill show that Francis has absented himself from the State; that complainant has made diligent inquiry to ascertain his post office address, has written to him repeatedly asking for an account of the lawful charges claimed by him to have been paid, has also requested both of his vendees to inform him what lawful charges are claimed by them and they have refused to give any information. Complainant has also made diligent inquiry as to lawful charges, has tendered into court the amount of all that he has been able to ascertain, and offers to pay all lawful charges which may be ascertained under the orders of the court.

This court, speaking through Chief Justice Brickell has said: "Upon the purchaser, or party in possession, claiming compensation for permanent improvements, rests the duty of informing the party coming to redeem of the character and extent of the claim."—*Cramer v. Watson*, 73 Ala. 133; *Prichard v. Sweeney*, 109 Ala. 655.

The averments of the bill in this case show a sufficient tender of the lawful charges.—*Hardin v. Collins*, 138 Ala. 399.; *Baker v. Burdenshaw, supra.*

In the case of *Long v. Slade*, 121 Ala. 267, referred to by appellant, there was no tender made in court at all; while in the case at bar, the bill shows that the purchase money and 10 per cent, and the amount of all the charges which complainant has been able to ascertain, with one omission hereinafter noted, have been deposited

[Francis *et al.* v. White, Admr.]

in court, and the bill offers to pay all charges which may be ascertained. The only things which prevent a full tender are the absence of Francis from the State (alleged in the bill to be for the very purpose of preventing a tender) and the refusal of the other defendants to give information.

Section 3517 of the Code refers only to the case where the "parties cannot agree upon the *value* of improvements," which presupposes that they are informed as to what the improvements are, and are willing to treat with each other as to their value, but when one party remains outside of the State and will not even communicate with the party proposing to redeem, and the others "refuse to entertain any proposition whatever for compensation," and refuse "to accept any payment" for "lawful" charges there is nothing to appoint a referee for.

It is a general principle of law that "the law does not compel one to do vain or useless things. * * * * An actual tender of performance may be excused when there is a willingness and an ability to perform and actual performance has been prevented, or expressly waived by the parties to whom performance is due."—28 Am. & Eng. Ency. Law, (2d ed.), p. 5.

With regard to the $310.43 which the bill shows complainant has ascertained was paid for sewer tax on the property by said Francis, the averment, in the bill, of tender is not sufficient, in as much as it fails to aver that the amount is paid into court.—21 Ency. Pl. & Pr. 565; *Christian v. N. F. I. Co.,* 101 Ala. 642; *Caldwell v. Smith,* 77 Ala. 164; *Booth v. Comegys,* Minor, 201.

Referring to the 26th, 31st, 2nd and 1st assignments of error, which refer to the ownership of complainant's intestate in the lands: "The levy of the execution on land as the property of the debtor, and its sale and purchase as such, are conclusive on the purchaser." The allegations of the bill make out a *prima facie* case in favor of the complainant, on that point, and if there be any facts to the contrary it is matter of defense.

It is next insisted by appellant that, as a prerequisite to the filing of the bill, in this case, the complainant must show that he has made a tender, in accordance with the statute, and that, as the vendee is the party entitled to

the redemption money, where property has been sold, the tender must have been made to both Campbell and Pointer (the purchasers of portions of the land) as well as to the original purchaser, Francis, and that, as the statute has made no provision for *pro rata* payment, nor for redeeming any portion of the land less than the whole, therefore, the tender should be of the entire amount, necessary to redeem the whole, to each of the parties in interest, thus making it necessary, in this case, for the party proposing to redeem to tender three times the amount necessary to redeem the land. Then, if he tenders in this manner, each person can receive the amount tendered, and if they should prove to be insolvent, the debtor might lose two-thirds of his money, and by the operation of this kind of process, it would always be in the power of the purchaser at execution sale to absolutely deprive the debtor of the right of redemption which the statute gives him. Yet, the point is not without difficulty, owing to the fact that the law-makers do not seem to have anticipated just such a state of affairs as here exists, and we have not been able to find any case exactly in point.

Let us see then how the matter stands, according to our statutes: Sections 3505 and 3507 of our Code, certainly give to the judgment debtor the *right* to redeem the entire tract of land by paying "the purchase money with ten per cent per annum thereon, and all lawful charges," and it is not in the power of the purchaser or any one else to deprive him of that right, and, according to well recognized principles of equity, if, by the act of the purchaser himself, matters have been so adjusted that the debtor cannot comply with the statute by tendering the required money, in accordance with the statute, then said purchaser is estopped from complaining that such tender has not been made.

We have then here an absolute *right* without any remedy provided by law: The complainant has the *right*, under the statute to redeem all of the land by paying once, what the statute requires, and yet he cannot make the payment, because the purchaser has absented himself from the State, and has conveyed parcels of the land to Campbell and Pointer. He has no right to pay to either

of them, that part of the redemption money which belongs to the other, and yet he has no authority to apportion it and redeem the parcels separately. Is not this then, according to the first principles of equity jurisprudence, a case which suggests the resort to a court of equity?

Upon these very grounds he comes into a court of equity, pays the money, which the law requires, into court, and asks the court to distribute it to the parties according to their interests and rights, and further offers to do and pay whatever, in addition thereto may be just and equitable, in the estimation of the court.

It certainly then cannot be urged against his right to invoke the aid of a court of equity, that he did not previously do the thing which he could not do, and his inability to do which formed the ground of his right to come into equity.

In the *Baker v. Burdenshaw case, supra,* this court held that if "a proper tender is rendered impracticable, by the act of the person to whom it is due, that fact will, on proper averments, be sufficient to excuse a failure to tender."—p. 168. There was no error in overruling causes of demurrer numbered 9 and 10.

Complainant went to Campbell and Pointer, and offered to pay them not only their proportion of the purchase money with 10 per cent, but also for all permanent improvements and lawful charges, and they refused to give him any information and refused to receive compensation. This absolved him from any further duty in regard to those matters.—*Cramer v. Watson* and *Prichard v. Sweeney, supra.*

What has been said disposes also of assignments 11, 12, 13 and 14, which are not sustained.

The 22nd assignment of error raises the point that the cost of executing the deed should have been included in the tender and should have been paid into court.

When the complainant offered to pay all lawful charges and asked for information as to their amount, this item should have been included with others, but one defendant refused to communicate with him and the others refused absolutely to treat with him or receive any thing, and when he files his bill in court it is not

necessary to make a deposit of this small amount, as the conveyance will be made under the orders of the court and the amount will become a part of the court costs.

There was no error in the court's overruling the motion to dismiss the bill for want of equity, as the law presumes all amendable defects to be amended, on this motion, and the matter which has been pointed out, in which the demurrer was well taken would not justify the court in dismissing the bill for want of equity.

The matter of the payment of costs rests within the discretion of the courts.—*Falkner v. Campbell Printing etc. Co.*, 74 Ala. 360, 364; *Allen v. Lewis*, 74 Ala. 379; *Gray v. Gray*, 15 Ala. 779.

The decree of the court, in so far as it overruled the motion to dismiss the bill for want of equity, is affirmed, but, for the error in failing to sustain the cause of demurrer stated, the case is reversed, and a decree will be here entered sustaining the demurrer, and the cause is remanded.

Affirmed in part and, in part, reversed, rendered and remanded.

McClellan, C. J. Tyson and Anderson, J. J., concurring.

