76 So.2d 673

**W. E. CURB**

v.

**E. E. DONAVAN.**

**2 Div. 307.**

Supreme Court of Alabama.

Dec. 16, 1954.

J. C. Locke, Clifton C. Johnston, Marion, for appellant.

Mason & Davis, Marion, for appellee.

GOODWYN, Justice.

Bill in equity by mortgagor to redeem lands from the purchaser at the mortgage foreclosure sale. The purchaser brings this appeal from the final decree ordering redemption and prescribing the amount to be paid on redemption. His principal assignments of error are that the court erred (1) in overruling his demurrer questioning the sufficiency of the bill and (2) "in rendering the final decree on the evidence in this cause." The mortgagor, appellee, cross-assigns error. These cross-assignments present questions concerning the sufficiency and effectiveness of the final decree in ordering redemption. However, in view of our decision, there is no need to discuss these cross-assignments.

Passing over the question of the appropriateness of the demurrer to the bill, it is our view, after careful consideration and full discussion in consultation, that the evidence clearly shows that this is not a case calling for equitable relief and that, therefore, the bill should be dismissed.

To the extent necessary to a decision, the essential facts are these: E. E. Donavan, the complainant (appellee), and his wife, on October 22, 1949, executed a mortgage to Z. B. Williams covering 40 acres of land in Perry County, Alabama. The mortgage was foreclosed, the foreclosure sale taking place on November 25, 1950. W. E. Curb, respondent below and appellant here, purchased the land at said sale and went into possession. On December 4, 1950, Donavan, in a conversation with Curb, told Curb that he "wanted to redeem that piece of property." They then agreed to meet at the bank in Marion, Alabama, later that day. On meeting at the bank, Curb gave to Donavan an itemized statement, in writing, of the amount claimed to be due on redemption. Donavan objected to the statement and took it to his attorney, later tearing it up. It appears that the objectionable part of the statement related to charges for improvements in the amount of approximately $200. On December 4, 1950, after the meeting at the bank, Donavan sent to Curb by registered mail, special delivery, with return receipt requested, a demand "for a statement in writing of the debt and all lawful charges." Curb received this communication on December 5, 1950. On December 14, 1950, Curb sent said statement to Donavan by registered mail, with return receipt demanded. This communication remained in the Marion Post Office until December 21, 1950, at which time it was delivered to Donavan who then signed the return receipt. Donavan had a post office box in the Marion Post Office and it appears that actual delivery of Curb's communication to him was not made until after

a second notice was given him by the post office on December 20, 1950. The bill in equity was filed on December 19, 1950, alleging failure of Curb to furnish the statement as requested in the written demand received by him on December 5, 1950, but making no mention of the statement furnished on December 4, 1950, in response to Donavan's oral request made that morning. Curb, in answering the bill, alleged the furnishing of said statement on December 4, 1950, in response to Donavan's verbal request.

In the course of the trial, appellant's position was thus stated by his counsel:

"I would like to make this observation, as far as the complainant's evidence is, up to this time, that the defendant had furnished to complainant an itemized statement prior to the time he requested it in writing, according to complainant's own testimony, that he received it in the local bank on the 4th day of December, 1950, prior to the time he wrote this letter here, which is Complainant's Exhibit No. 6, and furnished him that itemized statement, which he admits he received prior to the time he demanded it in writing; and we have complied with the law; and that the Complainant has failed to make out his case for redemption, without paying for permanent improvements."

Counsel for appellee then stated the following:

"We take the position the Code specifically sets out how a person shall go about demanding a statement, and you can't deviate from the law as set down in the Code. Here is what the law says. * * *.

"Now, we contend that what took place prior to the time Mr. Donovan [sic] complied with the Code was immaterial and the fact that he had a verbal conversation with Mr. Curb and the fact Mr. Curb and Mr. Locke furnished him, which Complainant is not denying, with a written statement,

nevertheless, this Code section has not been followed; and after Mr. Donovan [sic] complied with the Code Section, it was incumbent upon Mr. Curb also to comply with the Code Section or lose his rights."

The applicable statute, and the one undoubtedly there referred to, is § 731, Tit. 7, Code of 1940, which provides as follows:

"Anyone desiring and entitled to redeem may make written demand of the purchaser or his vendee, for a statement in writing of the debt and all lawful charges claimed by him, and such purchaser or vendee shall, within ten days after such written demand, furnish such person making the demand with a written itemized statement of the debt and all lawful charges claimed by him, and failing so to do, shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the ten days, file his bill in equity without a tender to enforce his rights hereunder."

The provision in this statute requiring the demand for a statement to be in writing is obviously for the benefit of the purchaser or his vendee; that is, the purchaser or his vendee is not required to furnish such statement unless *written* demand therefor is made. However, there seems no good reason why the purchaser or his vendee might not waive this requirement of a written demand and furnish a statement in response to a verbal request, as was done in this case. Being so, when Curb furnished Donavan with the statement on December 4 the purpose of the statute was thereby served. Cf. Hutchison v. Flowers, 175 Ala. 651, 654, 57 So. 719, 720, where, in construing § 5747, Code 1907, Code 1940, Tit. 7, § 730, it was held that the provision there made for a written demand by the purchaser to the debtor for delivery of possession of the land "was intended for the benefit of the debtor, and to prevent, as far as possible, the fact of a demand from being a controverted question", and further holding that "the demand in writing might be waived."

 Since the claim for improvements was the only item in dispute, ascertainment of the value thereof was controlled by the provisions of §§ 740 and 741, Tit. 7, Code 1940. In discussing these sections in Cummings v. Vann, 215 Ala. 488, 489, 111 So. 229, 230, this court, through Mr. Justice Bouldin, had this to say:

"When a statement in writing of the debt and lawful charges claimed by the purchaser at foreclosure sale of lands, or his vendee, is furnished to a proposed redemptioner, pursuant to Code, § 10144 [Code 1940, Tit. 7, § 731, supra], showing a claim for permanent improvements on the property, and the proposed redemptioner fails or refuses to appoint a referee and give notice of his disagreement to the claim and the name of his referee, pursuant to Code, § ·10153 [Code 1940, Tit. 7, § 740, supra], he must pay the value put upon the improvements by the holder of the title subject to redemption. Code, § 10154 [Code 1940, Tit. 7, § 741, supra].

"A compulsory arbitration is provided, subject ·to penalties on both sides; a statutory tribunal for the settlement of that issue is created, to the end that it may be speedily settled and the courts relieved of litigation thereon. This remedy by arbitration is exclusive. A bill in equity based upon a dispute as to value of permanent improvements will not lie on behalf of a proposed redemptioner, who has not complied with the statute as to arbitration. The law has fixed and declared the amount he must tender and pay in such event. Prichard v. Sweeney, 109 Ala. 651, 19 So. 730; Smith v. Jack, 209 Ala. 520, 96 So. 419.

"A bill is authorized when the other party is in default in furnishing the statement, in failing to enter into the arbitration, or upon the failure of the arbitrators to make an award without fault on the part of the redemptioner. If other alleged lawful charges, which are controverted in good faith, are included in the statement, so that the redemptioner cannot reasonably ascertain the amount he should tender for redemption, a bill may be filed to settle the whole controversy. The party will not be required to arbitrate the question of improvements, and still have to litigate other charges claimed before he can redeem. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. Without dispute, the complainant wholly failed to comply with the requirement as to arbitration, and the substantial controversy presented by his bill was to determine the value of improvements. No tender was made."

This quotation has direct application here.

From what we have said, it follows that a decree should have been rendered dismissing the bill. Accordingly, it is ordered that the decree be reversed and the cause remanded with directions that the trial court render a decree in conformity with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.